STATE OF MAINE                                SUPERIOR COURT
PENOBSCOT, SS.                                Docket No. CV-99-111



*F.A.M  PEN - 1/26/2000*

GEORGE KAPLER,                         )
            Plaintiff,                 )
                                       )
      v.                               )    ORDER ON MOTIONS FOR
                                       )    SUMMARY JUDGMENT
ISABEL McKAY,                          )
            Defendant,                 )

This matter is before the Court on Defendant's Motion for Summary Judgment. The dispute arises from a piece of real estate located in Newburgh, Maine, which Plaintiff owns as a joint tenant with his ex-wife, Robin Kapler. In August of 1997, Defendant McKay, a professional forester, harvested timber from the Newburgh property. Mrs. Kapler was in possession of the Newburgh property in 1997 when the harvesting took place and gave Defendant permission to perform the harvesting. Plaintiff claims that he did not give permission to McKay to harvest the timber, and he now seeks damages from McKay pursuant to 12 M.R.S.A. § 8869(12) and 14 M.R.S.A. §§ 7551-B(2) and 7552(4)(B).

### DISCUSSION

A party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. See Burke v. Port Resort Realty Corp., 714 A.2d 837, 839

1

(Me. 1998). "A summary judgment is proper when the party that bears the burden of proof on an essential element at trial has presented evidence that, if she presented no more, would entitle the opposing party to a judgment as a matter of law." June Roberts Agency v. Venture Properties, 676 A.2d 46, 48 (Me. 1996). The party opposing a motion for summary judgment "must establish a *prima facie* case for each element of his cause of action." Barnes v. Zappia, 658 A.2d 1086 (Me. 1995).

Plaintiff relies upon three separate statutory provisions, 12 M.R.S.A. § 8869(12) and 14 M.R.S.A. §§ 7551-B(2) and 7552(4)(B), that each provide a remedy for the owner of land to recover against a party who enters the land and removes timber without the permission of the owner. In Poulson v. Poulson, 70 A.2d 868, 869 (Me. 1950) (quoting Strout v. Burgess, 68 A.2d 241, 252 (Me. 1949)) the Maine Law Court explained the nature of joint tenancy:

> A joint tenancy is a present estate in which both joint tenants are seized in the case of real estate, and possessed in the case of personal property per my and per tout. One of the characteristics of a joint tenancy is a right of survivorship between the joint tenants, if the joint tenancy is still in existence. The right of survivorship, however, does not pass anything from the deceased joint tenant to the surviving joint tenant. By the very nature of joint tenancy, the title of the first joint tenant who dies terminates with his death, and as both he and his cotenant were possessed and owners per tout, that is of the whole, the estate of the survivor continues as before.

2

The importance of the foregoing is obvious. Each of the parties owned the whole while the trees remained real estate. On their severance, whereby they became personal property, each was possessed of the whole. Each had full and complete authority with respect to the property.

It is true that an accounting might be in order between the joint tenants[1] or between either joint tenant and the Defendant. However, there can be no question about the Defendant's right to act. Even if the ownership were in dispute which it should not be, there can be no question about the right of Mrs Kapler to act as agent for the authority given Defendant. Apparent authority exists when the *conduct of the principal* leads a third party to believe that a given party is his agent. Libby v. Concord General, 452 A. 2D 979, 982 (Me. 1982). Here one of the principals was the wife who was present and in sole possession. There is nothing in the record that suggests that the husband objected to the wife's acts.

In conclusion, Plaintiff has no right to recovery because Robin Kapler, his joint tenant, gave Defendant permission to harvest the timber. Where a joint tenancy exists, one tenant alone may authorize another

---

[1] The complaint makes obvious the fact that a divorce was on going between the parties and might resolve the issue. This Court affirmed the findings of the District Court in that matter which would settle the dispute here. See Penobscot AP 98-67.

3

party to enter the land and remove timber; the other tenant need not consent to the entry. There is no dispute concerning the fact that Robin Kapler authorized the harvesting. As such, Defendant is entitled to judgment as a matter of law.

Defendant's Motion for Summary Judgment is GRANTED on all claims.

The Clerk may enter this Order into the docket by reference pursuant to Rule 79(a) M.R.Civ.P.

Dated: January 25, 2000

Hon. Francis Marsano
JUSTICE, SUPERIOR COURT

4

Date Filed _____ 5/27/99 _____ _____ PENOBSCOT _____ Docket No. _____ CV-99-111 _____
County

Action _____ CIVIL - DAMAGES _____

ASSIGNED TO JUSTICE MARSANO

DONALD L. GARBRECHT
LAW LIBRARY

MAR 6 2000

GEORGE KAPLER                    vs.    ISABELLE MCKAY

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PETER ANDERSON ESQ<br>ARMANDA BEAL ESQ<br>202 EXCHANGE STREET, SUITE 200<br>BANGOR ME 04401 | Brent R. Slater, Esq.<br>115 Franklin Street, Suite 2A<br>Bangor, Maine  04401 |

| Date of Entry | |
|---|---|
| 5/27/99 | Complaint filed - Exhibits A & B attached. |
| 5/27/99 | Officer's Return of Service filed (s.d. 5/24/99) |
| 5/27/99 | Case File Notice Card forwarded to Plaintiff's counsel. |
| 6/4/99 | Affirmative Defenses and Answer Filed by Defendant. |
| 6/7/99 | Scheduling Order (M.R.Civ.P. 16(a) filed.  The entry will be: Scheduling Order filed.  Discovery deadline is  2/07/2000. (Hjelm, J.) Copy forwarded to attorneys of record. |
| 6/39/99 | Plaintiff's Designation of Expert Witness Filed.   (Exhibits "A" & "B" Attach Filed) |
| 7/8/99 | Notification of Discovery Service filed by Plaintiff, Response to Defendant's Request for Admissions. |
| 7/26/99 | Motion for Summary Judgment with Incorporated Memorandum of Law filed by Defendant. |
| 7/26/99 | Statement of Material Facts M.R. Civ.P. 7(d)(1) filed by Defendant. |
| 7/26/99 | Affidavit of Robin Kapler filed. |
| 7/26/99 | Affidavit of Defendant Isabel McKay filed. |
| 7/26/99 | Request for Hearing on Motion for Summary Judgment filed by Defendant. |
| 7/29/99 | Notification of Discovery Service filed by Plaintiff, Notice to take Deposition. |
| 8/18/99 | Motion to File Late Response to Plaintiff's Motion for Summary Judgment and a Request for Extension of Time in Which to File That Response filed by attorneys for Plaintiff. |