STATE OF MAINE
PENOBSCOT, SS.

NANCY BROOKS, et al.,
        Plaintiff,

v.

NONA TREWORGY,
        Defendant,

FILED AND ENTERED
SUPERIOR COURT

JAN 26 2000

PENOBSCOT COUNTY

SUPERIOR COURT
Docket No. CV-98-221
FCM -PEN - 1/26/2000

**ORDER ON MOTION FOR**
**SUMMARY JUDGMENT**

This matter is before the Court on Defendant's Motion for Summary Judgment. For the following reasons, the motion is GRANTED.

Plaintiffs and Defendant are siblings. Their mother, Annie T. Martin, died on April 5, 1995. Plaintiffs allege that the mother executed a will in 1993, in which she appointed Defendant as the personal representative of her estate and provided for the division of her property equally among her six children. Plaintiffs claim that Defendant has wrongfully taken their mother's real and personal property in violation of her will. The 1993 will, however, has not been submitted to the Court.

Plaintiffs request relief on four grounds. Plaintiffs seek an accounting of the mother's assets received by Defendant. Plaintiffs allege that Defendant breached her fiduciary duties as personal representative of the estate, and they claim Defendant is liable for conversion and unjust enrichment.

## DISCUSSION

A party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. See Burke v. Port Resort Realty Corp., 714 A.2d 837, 839 (Me. 1998). "A summary judgment is proper when the party that bears the burden of proof on an essential element at trial

has presented evidence that, if she presented no more, would entitle the opposing party to a judgment as a matter of law." June Roberts Agency v. Venture Properties, 676 A.2d 46, 48 (Me. 1996). The party opposing a motion for summary judgment "must establish a *prima facie* case for each element of his cause of action." Barnes v. Zappia, 658 A.2d 1086 (Me. 1995).

Defendant is entitled to judgment as a matter of law because she held the property in joint tenancy with her mother. When her mother died, Defendant became the sole owner of the property, pursuant to the right of survivorship. See Poulson v. Poulson, 70 A.2d 868, 869 (Me. 1950). The property did not pass to the mother's estate; rather, the mother's tenancy extinguished upon her death, and Defendant rightfully took possession. See id.

Plaintiffs admit that Defendant held the property as a joint tenant with their mother, but they oppose summary judgment based on the Improvident Transfer Statute, 33 M.R.S.A. § 1021, et seq., which presumes undue influence where a physically dependent person over the age of 60, who is unrepresented by independent counsel, conveys realty or valuable personalty to another person, who has a confidential or fiduciary relationship with the elderly person. Plaintiffs argue that the mother's transfers to Defendant were improvident transfers under the statute and should be voided.

There are several problems with Plaintiffs' opposition. First, the complaint does not cite the Improvident Transfer Statute, and it does not set forth sufficient allegations to state a claim under the statute. Specifically, the complaint does not state that the mother was over 60 or physically dependent on others when she

completed the transfers to Defendant. Further, the complaint does not even allege that the mother transferred anything to Defendant or that the mother was not represented by independent counsel. The complaint merely states that Defendant took possession of the property after the mother's death. Moreover, the statute provides a remedy only for the elderly individual to avoid the transfer; it does not provide a remedy for relatives or other beneficiaries to recover. Accordingly, there is no genuine issue of material fact, and Defendant is entitled to judgment as a matter of law.

The docket entry is:

Defendant's Motion for Summary Judgment is GRANTED.

Dated: January 25, 2000

Hon. Francis Marsano
JUSTICE, SUPERIOR COURT

Date Filed ___11/2/98___ ___PENOBSCOT___ Docket No. ___CV-98-221___
County

Action ___CIVIL-DAMAGES___
ASSIGNED TO JUSTICE MARSANO

DONALD L. CARBRECHT
LIBRARY

6 2000

NANCY BROOKS,
NORRIS MARTIN,
NORMA FONTANE and
NATALIE JULIAN,                          VS.        NONA TREWORGY,

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Downeast Law Associates, P.A.<br>River Road, PO Box 190<br>Orrington, Maine 04474<br>By: Laurie Anne Miller, Esq.<br>Julio DeSanctis, Esq. | Brent Slater, Esq.<br>115 Franklin Street, Suite 2A<br>Bangor, Maine 04401-4936 |

| Date of Entry | |
|---|---|
| 11/2/98 | Complaint filed. |
| 11/3/98 | Case File Notice and Pretrial Scheduling Statement and Jury Demand forwarded to Plaintiff's attorney. |
| 11/3/98 | Answer to Complaint filed by Defendant. |
| 11/3/98 | Officer's Return of Service as to Defendant filed. (s.d. 10/14/98) |
| 11/9/98 | Notification of Discovery Service filed by Defendant: Request for Admissions Propounded upon Nancy Brooks, Norris Marin, Norma Fontane, Natalie Julian. |
| 11/20/98 | Pretrial Scheduling Statement filed. |
| 12/7/98 | Notification of Discovery Service filed by Plaintiffs, Plaintiffs' Response to Defendant's Request for Admissions. |
| 1/5/99 | Notification of Discovery Service filed by Defendant, Interrogatories propounded upon all plaintiffs. |
| 1/12/99 | Expedited Pretrial Order filed. Discovery to be closed by 7/01/99. This case will be placed on the non-jury trial list 30 days after close of discovery. This Order is incorporated into the docket by reference at the specific direction of the court. (Mills, J.) Copy forwarded to attorneys of record. Report of Conference of Counsel form forwarded to Plaintiff's counsel. |
| 3/8/99 | Motion to Compel Discovery Pursuant to M.R.Civ.P. Rule 37(a) Filed by Defendant. |
| 3/8/99 | Memorandum in Support of Motion to Compel Filed by Defendant. |
| 3/8/99 | Certificate Pursuant to M.R.Civ.P., Rule 26(g) Filed by Defendant. |