DONALD L. GARBRECHT
LAW LIBRARY

MAR 27 2000

STATE OF MAINE
PISCATAQUIS, SS.

SUPERIOR COURT
Docket No. RE-98-008

*AMM-PIS- 3/17/2000*

MAINE STATE HOUSING )
AUTHORITY, )
    Plaintiff, )
                              )
          v. )

RIVERVIEW APARTMENTS )
LIMITED PARTNERSHIP, )
    Defendant. )

**DECISION AND ORDER**

*TITLE TO REAL ESTATE INVOLVED*

This matter is before the Court on Plaintiff's Motion for Summary Judgment. For the following reasons, the Court GRANTS Plaintiff's motion.

## FACTS

This action stems from a promissory note, which Defendant, as the owner of the Riverview Apartments development located in Dover-Foxcroft, executed on April 6, 1977, to Northern National Bank. As security for the note, Defendant executed a mortgage and security agreement covering Defendant's real and personal property. The Bank subsequently assigned the mortgage and the note to Plaintiff, the Maine State Housing Authority.

As a precondition to the assignment, Plaintiff and Defendant entered into a Regulatory Agreement, which provides for the regulation of the apartment development by the Housing Authority. The Agreement requires Defendant to provide management that is acceptable to Plaintiff and that conforms to the standards set forth in the Agreement. The Agreement also provides that if Defendant violates the Agreement, Plaintiff may give written notice of the violation

1

Rec'd 3/17/00

to Defendant and allow 30 days or more to correct the problem. If Defendant does not cure the violation within the time period designated in the notice, Plaintiff may declare a default and may choose to take a number of actions, including foreclosure of the mortgage, collection of rents and charges, possession of the development, and any other actions necessary to preserve and operate the development, such as retention of a new property manager and relief in the courts. In addition, a default under the mortgage constitutes a default under the note and allows Plaintiff to accelerate repayment of the note.

On January 3, 1994, Defendant hired Aaron Gleich, Inc., ("AGI") a corporation owned by Defendant's general partner, to manage the development. In 1996, Plaintiff became dissatisfied with AGI's management of the development. By a letter dated April 12, 1996, Plaintiff informed Defendant that the annual management review conducted by Plaintiff on January 11, 1996, and February 29, 1996, revealed that the management and operation of the Riverview Apartments development during 1995 was unsatisfactory. Plaintiff requested Defendant to respond within 30 days to each of the unsatisfactory areas, as outlined in detail in the letter. By a letter dated April 24, 1996, Plaintiff directed Defendant to contract with an experienced property management company as a consultant for the development no later than May 6, 1996, in order to rectify the numerous management inadequacies. Defendant's general partner Aaron Gleich took no action because he disagreed with Plaintiff's assertions of unsatisfactory management.

After receiving no response to the earlier correspondence, Plaintiff notified

2

Defendant by letter dated September 3, 1996, of Defendant's violation of the Regulatory Agreement due to inadequate management and instructed Defendant to correct the violation within 30 days to avoid default under the agreement. Defendant again took no action. Plaintiff next notified Defendant by letter dated March 12, 1997, that Defendant had failed to submit its 1996 Annual Financial Report due February 28, 1997. Plaintiff requested that Defendant submit the report within 30 days. By letter dated April 1, 1997, Plaintiff notified Defendant of a default under the Regulatory Agreement and under the mortgage because of Defendant's failure to cure the management problems. Plaintiff stated its intent to take over possession and management of the property, and to receive all income, rents, and operational accounts. As of that date, April 1, 1997, Plaintiff did in fact take over possession and management of the property.

Plaintiff sent to Defendant an additional written notice of default dated April 13, 1998, which identified numerous additional defaults, including AGI's failure to hire and maintain qualified staff, AGI's failure to establish and maintain adequate systems, policies and procedures to manage the development, AGI's failure to submit records and reports to Plaintiff, and Defendant's encumbrance of the development with an additional mortgage and security agreement.

Plaintiff filed the present action, seeking foreclosure of the mortgage on the Riverview Apartments property and collection on the promissory note. Plaintiff seeks summary judgment on both claims and requests recovery for the balance of the note, $329,938.33 as of April 1, 1999, and a foreclosure and sale of the property for

damages to the Reserve Fund for Replacements, costs associated with managing the property since April 1, 1997, and litigation costs.

## DISCUSSION

A party is entitled to summary judgment if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. See Burke v. Port Resort Realty Corp., 714 A.2d 837, 839 (Me. 1998). Summary judgment is intended to permit prompt disposition of cases in which dispute is solely dependent on the resolution of an issue of law. See Berard v. McKinnis, 699 A.2d 1148, 1153 (Me. 1997). A party opposing a motion for summary judgment may not rest upon mere allegations or denials; the party must respond by affidavits or otherwise by producing evidence that shows there is a genuine issue for trial and by submitting a separate statement of disputed material facts supported by appropriate references to the record. See M.R.Civ.P. 56(e), 7(d).

Summary judgment is proper because Plaintiff has established that Defendant violated the Regulatory Agreement, thereby defaulting under the mortgage and the note. Plaintiff asserted in its statement of material facts that Defendant had committed a lengthy list of violations under the Regulatory Agreement that resulted in defaults under the note and mortgage. Plaintiff supported these assertions with an affidavit of one of its employees and copies of correspondence sent by Plaintiff to Defendant. Because Defendant's Rule 7(d) submission failed to "controvert specific paragraphs in the [plaintiff's] statement of material facts," Plaintiff's facts are deemed admitted. Prescott v. State Tax Assessor, 721 A.2d 169, 172

4

(Me. 1998).  The Court considers any additional material facts contained in Defendant's statement.  See id.

Defendant did not deny the specific facts regarding inadequate management asserted by Plaintiff but, rather, denied the violation and default generally.  A blanket denial by Defendant of specific facts, which standing alone establish liability, is ineffective to withstand summary judgment for Plaintiff.  See Farrell v. Theriault, 464 A.2d 188, 193 (Me. 1983).  Farrell requires that, to demonstrate a genuine issue of material fact, Defendant must specifically deny Plaintiff's factual allegations asserted in support of summary judgment.  Defendant's failure to refute Plaintiff's detailed factual allegations that clearly establish a default under the mortgage and under the note for unacceptable management of the development entitle Plaintiff to judgment as a matter of law.  The Law Court recently affirmed a Superior Court decision based on similar reasoning and an almost identical fact pattern between essentially the same two parties.  See MSHA v. Calais Elderly Apts., No. 99-552 (Me. Mar. 9, 2000).

The affidavits of Aaron Gleich, as the owner of AGI and general partner of Riverview Apartments who is the primary individual overseeing the development, clearly demonstrates his belief that AGI provided adequate management to the Riverview Apartments; however, it is Plaintiff, not Mr. Gleich, who has the authority to determine what constitutes acceptable management.  Paragraph 3 of the Regulatory Agreement provides that Defendant "shall provide for the management of the Development in a manner acceptable to [Plaintiff]."  Plaintiff provided Defendant with sufficient notice of Plaintiff's dissatisfaction with Defendant's

5

management of the development, and Defendant declined to take any action to remedy the problems. According to Aaron Gleich's affidavit, his only action was to instruct his attorney to respond to the alleged defaults, *after* receipt of Plaintiff's April 1, 1997, letter and *after* Plaintiff took possession of the property. In addition, Defendant's denial of defaults that occurred subsequent to Plaintiff's take over of possession of the property is insufficient to withstand summary judgment because the violation due to inadequate management alone establishes default.

The docket entry is:

Motion for summary judgment GRANTED. Judgment entered for Plaintiff.

Dated: 3-16-00

Hon. Andrew Mead
CHIEF JUSTICE, SUPERIOR COURT

6