2006 ME 11

**STEAMSHIP NAVIGATION COMPANY et al.**

v.

**CAMDEN NATIONAL BANK et al.**

Supreme Judicial Court of Maine.

Argued Oct. 20, 2005.
Decided: Feb. 7, 2006.

Daniel G. Lilley, Esq. (orally), Karen Wolfram, Esq., Daniel G. Lilley Law Offices, P.A., Portland, for plaintiff.

Russell B. Pierce Jr., Esq. (orally), Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, DANA, ALEXANDER, CALKINS, LEVY, and SILVER, JJ.

DANA, J.

[¶ 1] Camden National Bank appeals from a judgment entered in the Superior Court (Oxford County, *Delahanty, J.*)

awarding Steamship Navigation Company $1,500,000, plus costs and interest. Camden argues, inter alia, that the court erred in denying its motion for judgment as a matter of law and instructing the jury.[1] We disagree and affirm the judgment.

## I. BACKGROUND

[¶ 2] Beginning in the mid–1990s, Steamship, a corporation controlled by C. Randall and Kathleen C. Dunican, obtained a number of loans from Camden, primarily through Camden's loan officer, Stephen C. Staples. In 1998, with Camden's support, Steamship purchased property on and around Mt. Abram, intending to open the mountain for skiing and, eventually, to renovate an existing ski lodge and increase snowmaking capacity. Shortly after the mountain opened, Randall and Staples began discussions regarding a loan for the lodge renovations. Relying on Staples's assurances that the paperwork was a mere formality, the Dunicans commenced work on the lodge and, by the time the loan was reduced to writing and signed in July 1999, had completed approximately seventy-five percent of the renovations.

[¶ 3] In late 1999, Randall and Staples began discussions regarding a loan for the purchase of snowmaking equipment and, in early 2000, Staples orally promised that Camden would make the loan. Although he knew that Steamship's operating line would come due the following June and that Steamship presently had enough cash to make the payment, Staples advised Randall that Steamship could spend its cash on maintenance and preparations for the equipment's arrival because, upon issuance of the equipment loan, the operating line would be paid with those funds. In early June, when Steamship received a statement indicating that $84,000 was due on the operating line, Kathleen called Staples and was assured that the line would be "rolled over" upon issuance of the paperwork for the equipment loan.

[¶ 4] While waiting for the equipment loan to issue, Steamship missed payments on at least two other loans. In late July, Staples notified Randall that Steamship would not receive the equipment loan. In early August, the Dunicans received notices of default and Camden, shortly thereafter, foreclosed on the Mt. Abram property. Steamship, Randall, Kathleen, RD Outfitters, and Schooner Investments, Inc.[2] subsequently commenced this action against Camden and Staples. A jury found that Camden had agreed to make the equipment loan and had breached that agreement, proximately causing Steamship $1,500,000 in damages. Camden appeals.

## II. DISCUSSION

### A. Judgment as a Matter of Law

 [¶ 5] Camden argues that its motion for judgment as a matter of law was improperly denied with respect to Steamship's breach of contract claim. Judgment as a matter of law is appropriate when, "viewing the evidence and all reasonable inferences therefrom most favorably to the party opposing the motion, a jury could not reasonably find for that party on an issue that under the substantive law is an essential element of the claim." M.R. Civ. P. 50(a). We review the denial of a motion for judgment as a matter of law de novo.

1. Camden additionally argues that the court erred in compiling the special verdict form and ruling on certain evidentiary issues. We do not discuss these issues because, after considering them, we find them to be unpersuasive. Steamship, C. Randall Dunican, Kathleen C. Dunican, RD Outfitters, and Schooner Investments, Inc. cross appeal. Because of the disposition of the appeal, we need not reach the issues raised in the cross appeal.

2. Randall was president and treasurer of both RD Outfitters and Schooner.

*Profit Recovery Group, USA, Inc. v. Comm'r, Dep't of Admin. & Fin. Servs.,* 2005 ME 58, ¶ 10, 871 A.2d 1237, 1240.

[¶ 6] Camden asserts that, because the equipment loan had not been reduced to writing, the jury could not reasonably have found it enforceable. Pursuant to 10 M.R.S. § 1146 (2005), an agreement to lend more than $250,000 is enforceable if it is in writing or if the lender fails to notify the borrower that, for the agreement to be enforceable, it must be in writing.

[¶ 7] Although Steamship's complaint and certain portions of Randall's testimony indicated that the loan amount was to be $300,000, a March 2000 letter and Randall's explanation thereof indicates that the loan amount was to be approximately $239,000. The jury could have credited the latter evidence and found that, inasmuch as the loan was for less than $250,000, section 1146 was inapplicable. Even if the jury found section 1146 applicable, it could reasonably have concluded that the loan was enforceable without the writing because of Camden's failure to provide Steamship with sufficient notice of the writing requirement. Although Camden had provided such a notice with respect to other loans—for example, the lodge renovation loan—there was no evidence of any specific notice with respect to the equipment loan. It was, therefore, not error to deny the motion for judgment as a matter of law on this ground.

[¶ 8] Camden also asserts that Steamship's receipt of the equipment loan was conditioned upon its compliance with other loan obligations and that, since Steamship had defaulted on at least two other loans, the jury could not reasonably have found in its favor. The lodge renovation loan documents provided that a default on any Camden loan constituted a default on the lodge renovation loan. Randall's testimony that the equipment loan was intended to mirror the lodge ren-

ovation loan suggests that the equipment loan included a similar provision. Randall's testimony regarding Staples's repeated assurances that Randall need not worry about a brief default on the operating line, however, suggests either that the equipment loan paperwork would not include such a provision or that strict compliance would be waived. The jury could reasonably have concluded either that Steamship's receipt of the equipment loan was not conditioned upon compliance with other loan obligations or that, if it was conditioned upon such compliance, Camden had waived its right to raise Steamship's breach of those obligations as a defense. It was therefore not error to deny the motion for judgment as a matter of law on this ground.

[¶ 9] Camden further asserts that the evidence was insufficient to support special damages in the magnitude recovered by Steamship. Compensatory damages cover "all losses actually suffered as a result of the breach," *Lee v. Scotia Prince Cruises Ltd.,* 2003 ME 78, ¶ 22, 828 A.2d 210, 216, while special damages cover additional losses contemplated by both parties at the time of contract formation, *Williams v. Ubaldo,* 670 A.2d 913, 918 (Me.1996); *Forbes v. Wells Beach Casino, Inc.,* 409 A.2d 646, 654–55 (Me.1979). On the basis of Randall's testimony that Camden knew Steamship was expending its cash while waiting for the equipment loan and Staples's testimony that Steamship's loans were cross-collateralized and therefore interdependent, the evidence supported both the award of compensatory and special damages. It was, therefore, not error to deny the motion for judgment as a matter of law on this ground.

**B. Jury Instructions**

[¶ 10] Camden argues that the court erred in instructing the jury on 10 M.R.S. § 1146. "Jury instructions are re-

viewed in their entirety to determine whether they fairly and correctly apprised the jury in all necessary respects of the governing law." *Lee*, 2003 ME 78, ¶ 15, 828 A.2d at 214 (quotation marks and citations omitted). The jury was instructed that, in order to successfully establish the section 1146 defense, Camden was required to establish that it had provided Steamship with notice that was "sufficiently contemporaneous with the promise to lend money, that [Steamship] was informed that the promise to lend more than $250,000 for snowmaking equipment [had to] be in writing." Although the statute simply requires that the lender "notify" the borrower of the writing requirement, 10 M.R.S. § 1146(2), the court's gloss was not inappropriate: its "sufficiently contemporaneous" proviso merely emphasized the implicit requirement that the notice provided must be effective. Inasmuch as the instruction did not impede the jury's understanding of the governing law, there was no error.

The entry is:

Judgment affirmed.