2007 ME 92

**Ryan L. MADORE**

v.

**KENNEBEC HEIGHTS COUNTRY CLUB.**

Supreme Judicial Court of Maine.

Submitted On Briefs: May 2, 2007.
Decided: July 24, 2007.

Sean M. Farris, Esq., Farris Law, Gardiner, for plaintiff.

Walter F. McKee, Esq., Lipman, Katz & McKee, P.A., Augusta, for defendant.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

LEVY, J.

[¶ 1] Kennebec Heights Country Club appeals from a judgment entered in the Superior Court (Kennebec County, *Marden, J.*) after a jury trial, awarding Ryan L. Madore $10,281 in damages on his breach of employment contract claim. The Club contends that the Superior Court erred in denying its motions for judgment as a matter of law. Madore cross-appeals, contending that the court erred in finding that he was not entitled to the additional remedies of Maine's wage payment statute, 26 M.R.S. § 626 (2006). We find the Club's contentions to be without merit. However, because we agree with Madore that he is entitled to remedies allowed pursuant to the wage payment statute, we vacate and remand for further proceedings.

## I. BACKGROUND

[¶ 2] The Club is a Maine corporation that operates a golf course in Farmingdale. The Club sought to hire a golf professional for the 2003 season, whose job would involve providing lessons, implementing programs and outings, and cultivating relationships with organizational sponsors. Michael Jennings, the Club's President and General Manager, entered into employment discussions with Ryan Madore in early 2003 and offered Madore the position in March, to commence on April 1, 2003. The terms of the offer were memorialized in a March 24 letter from the Club to Madore, which Madore accepted by signing. The compensation package included "an annual base salary of $27,000 to be paid on a weekly basis throughout the year," which was to be reviewed halfway through the golf season in light of Madore's performance.

[¶ 3] Madore worked as the Club's golf professional during the spring and summer months of 2003. His duties consisted primarily of running the pro shop, organizing outings, and giving private lessons, for which he was paid eighty percent of the lesson fees in addition to his salary. However, Jennings and Madore had a series of professional disagreements, and Madore was laid off in October 2003 with a two-week severance. Madore filed suit, alleging four causes of action against his former employer: (1) breach of contract; (2) unfair employment practice pursuant to 26 M.R.S. § 626; (3) unjust enrichment; and (4) fraud. His complaint also sought punitive damages. The Club filed a motion for summary judgment, which was granted as to the fraud claim and punitive damages, but denied as to the other three counts.

[¶ 4] A trial was held on the remaining counts. At the close of the evidence, the Club moved for judgment as a matter of law, but the court denied the motion. The parties agreed to submit the wage payment statute claim to the court for decision after the jury returned its verdict on the breach of contract and unjust enrichment claims. The court gave the jury a special verdict form asking them to decide the breach of contract claim first, and instructing them that only if they found no breach of contract should they reach the question of unjust enrichment. The jury returned a

verdict in favor of Madore on the breach of contract claim, and awarded him $10,280.79, the difference between the $27,000 annual base salary memorialized in the employment contract, and the amount he was actually paid as of his termination in October 2003. Madore then filed a motion for judgment on the remaining wage payment statute count. The Club objected to the motion and filed a motion for judgment notwithstanding the verdict. The court denied both parties' motions and entered judgment on the jury verdict on the breach of contract claim. The Club's appeal and Madore's cross-appeal followed.

## II. DISCUSSION

A. The Club's Motions for Judgment as a Matter of Law and Judgment Notwithstanding the Verdict

[¶ 5] The Club contends that its motion for judgment as a matter of law, M.R. Civ. P. 50(a), at the close of the evidence and its motion for judgment notwithstanding the verdict, M.R. Civ. P. 50(b), were improperly denied with respect to Madore's breach of contract claim.[1] Judgment as a matter of law, either at the close of evidence or post-judgment, is appropriate when, "viewing the evidence and all reasonable inferences therefrom most favorably to the party opposing the motion, a jury could not reasonably find for that party on an issue that under the substantive law is an essential element of the claim." M.R. Civ. P. 50(a). We review the denial of a motion for judgment as a matter of law de novo, *S.S. Navigation Co. v. Camden Nat'l Bank*, 2006 ME 11, ¶ 5, 889 A.2d 1014, 1016, "to determine if any reasonable view of the evidence and those inferences that are justifiably drawn from that evidence supports the jury ver-

dict." *Larochelle v. Cyr*, 1998 ME 52, ¶ 6, 707 A.2d 799, 801 (quotation marks omitted).

[¶ 6] The Club asserts that the jury could not reasonably have found that a contract for a fixed term existed, because the employment contract unambiguously provided that Madore was hired as an employee at will. The issue presented, however, was not one of employment at will. Rather, the question was whether Madore had completed his obligations under the contract, thereby entitling him to full payment under the contract.

[¶ 7] Whether a term in a contract is ambiguous is an issue of law that we review de novo. *Spottiswoode v. Levine*, 1999 ME 79, ¶ 16, 730 A.2d 166, 172. A contract is ambiguous if it is reasonably susceptible to more than one interpretation. *See Fitzgerald v. Gamester*, 658 A.2d 1065, 1069 (Me.1995). Where contractual language is ambiguous, its meaning is a matter for the trier of fact. *See Spottiswoode*, 1999 ME 79, ¶ 16, 730 A.2d at 172.

[¶ 8] Contrary to the Club's position, the contract language is ambiguous. "[A]n annual base salary of $27,000 to be paid on a weekly basis throughout the year" could mean, as the Club urges, that Madore was to be paid weekly for work over an unspecified period of time. However, this language also lends itself to a second possible interpretation. The payment is specifically described as occurring "on a weekly basis throughout the year." Therefore, it is reasonably possible also to read the contract as contemplating weekly year-round payments for seven months of work as posited by Madore. Because the contract language gives rise to two reasonable and different interpretations, it was not

---

1. The Club also contends that the court erred in denying its motion for summary judgment. However, "the denial of summary judgment is not subject to attack on appeal where the case has proceeded to a trial or hearing on its merits." *Nordic Sugar Corp. v. Me. Guar. Auth.*, 447 A.2d 1239, 1240–41 (Me.1982).

error for the court to admit extrinsic evidence to clarify the parties' intent. *See Estate of Barrows,* 2006 ME 143, ¶ 23, 913 A.2d 608, 614.

[¶ 9] Based in part on the extrinsic evidence admitted at trial, the jury could have interpreted the contract as comporting with Madore's expectations, and awarded him the balance due on a contract that anticipated compensation over the year for the seven months of work that he had completed. Viewing the evidence and all reasonable inferences therefrom most favorably to Madore as the nonmoving party, a jury could reasonably find for him on the breach of contract claim. Therefore, the court did not err in denying the Club's motions for judgment as a matter of law and judgment notwithstanding the verdict. *See Buchanan v. Martin Marietta Corp.,* 494 A.2d 677, 678–79 (Me.1985).

### B. Wage Payment Statute Claim

[¶ 10] In his cross-appeal, Madore contends that the court erred in finding that he was a salaried employee exempted from the remedies of the wage payment statute, 26 M.R.S. § 626. "We review the interpretation of a statute de novo for errors of law." *In re Wage Payment Litig.,* 2000 ME 162, ¶ 4, 759 A.2d 217, 220.

[¶ 11] Maine's wage payment statute provides a cause of action for former employees to seek payment of unpaid wages from their employers upon severance of the employment relationship. *See* 26 M.R.S. § 626. It also provides remedies for employees who prevail on such a claim, which must include, in addition to the unpaid wages, "a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee." *Id.* The statute defines the term "employee" as "any person who performs services for another in return for compensation," but excludes from the definition of employee an "independent contractor." *Id.*

[¶ 12] In denying Madore's post-judgment motions on this claim, the court found that Madore is not within the ambit of the statute because he falls within the exemption for salaried employees who work in a bona fide professional capacity as provided in 26 M.R.S. §§ 623, 663(3)(K) (2006).[2] Specifically, the court first determined that Madore qualified as an "employee" pursuant to section 626, because he performed services for the Club in exchange for compensation. The court then looked to 26 M.R.S. § 623, entitled "Exemptions," which states that "[t]his section and sections 621–A and 622 do not apply to family members and *salaried employees* as defined in section 663, subsection 3, paragraphs J and K." (Emphasis added.) Looking to the definitions in section 663, the court determined that Madore's work as a golf professional qualified him as "[a] salaried employee who works in a bona fide ... professional capacity" pursuant to section 663(3)(K), making him ineligible for the remedies authorized in section 626.

---

2. Title 26 M.R.S. § 663(3)(K) (2006) defines an "employee" as "any individual employed or permitted to work by an employer" but exempts from that definition, for purposes of that subchapter:

    K. A salaried employee who works in a bona fide executive, administrative or professional capacity and whose regular compensation, when converted to an annual rate, exceeds 3000 times the State's minimum hourly wage or the annualized rate established by the United States Department of Labor under the federal Fair Labor Standards Act, whichever is higher.

    The parties do not dispute that Madore's compensation, when converted to an annual rate, exceeded 3000 times the State's hourly minimum wage or the annualized rate established under federal law.

[¶ 13] We agree with Madore that he is not subject to the exemption established in section 623. Section 626 states that an "employee" is "any person who performs services for another in return for compensation, but does not include an independent contractor." 26 M.R.S. § 626. Having determined that Madore is an "employee" for purposes of section 626, the inquiry ends, because section 626 is separate from and functions independently of the provisions of sections 623 and 663. The Club does not question the court's finding that Madore was an employee and not an independent contractor for purposes of section 626.

[¶ 14] Section 623 does not control who may be considered an "employee" for purposes of section 626 because the plain language of section 623 makes clear that the exclusions defined in section 663 only apply to sections 621–A through 623. Section 663 itself reinforces the fact that its definitions do not limit the application of section 626, because section 663 is in an entirely different subchapter of the statute, entitled "Minimum Wages," *see* 26 M.R.S. §§ 661–672 (2006), and the definitions are intended to apply only to that subchapter.

[¶ 15] The court erred in importing the exclusions of section 623, as defined in section 663, into section 626, to conclude that Madore was not entitled to a judgment for his wage payment claim brought pursuant to section 626. We therefore vacate the judgment on the wage payment claim and remand for an entry of judgment in favor of Madore and a determination of the remedies.³

The entry is:

Judgment affirmed as to the contract claim and vacated as to the wage payment claim. The case is remanded for further proceedings consistent with this opinion.

---

3. As provided in 26 M.R.S. § 626–A (2006), because Madore is entitled to entry of a judgment pursuant to section 626, on remand the court must also consider whether to award a civil penalty in accordance with section 626–A.