2008 ME 60

**Jason R. LABONTE et al.**

v.

**John THURLOW et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Jan. 24, 2008.

Decided: March 25, 2008.

James L. Audiffred, Esq., Saco, ME, for Jason R. Labonte and Amu Labonte.

Peter L. Hatem, Esq., Scarborough, ME, for John Thurlow and Jeffrey Thurlow.

Panel: CLIFFORD, ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

MEAD, J.

[¶ 1] Jason R. and Amy Labonte appeal from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) in favor of John and Jeffery Thurlow. The Labontes argue that the Superior Court erred in entering judgment in favor of the Thurlows. They argue that the plain language of the Thurlow deed requires them to contribute toward the expense of the common portion of the driveway that the parties share. We agree and vacate the judgment and remand to the Superior Court for the calculation of damages.

## I. BACKGROUND

[¶ 2] The Labontes and the Thurlows owned abutting properties in Saco. Their lots, Lots 4 and 5, abut each other while Parcel 2, which is owned by the Labontes, is separated from these lots by property owned by Central Maine Power. Smutty Lane borders Lots 4 and 5 to the northwest and provides a means of ingress and egress for Parcel 2.

[¶ 3] The Labontes bought Lot 4 in August 2004. Their deed contains the following provision:

> By accepting this deed, the Grantee for themselves, their heirs and assigns, hereby agree to share equally one-third in the cost of installing and maintaining the common portion of the driveway, (the area between the southeasterly sideline of Smutty Lane and the point where the first driveway to either Lot # 4 or Lot # 5 divides off) to be utilized by Lot # 4 and Lot # 5 and Parcel 2 and to be constructed in [the easement present at the property line between Lot # 4 and Lot # 5]. It is further acknowledged and agreed by the Grantee that if the Grantee is the first party to construct a home on either Lot # 4, Lot # 5 or Parcel 2 then the Grantee shall be responsible for constructing the common portion of the driveway as well as the Grantee's own private driveway on Lot # 4. At such time as the owners of Lot # 5 and Parcel 2 begin the construction of their home, that owner must either reimburse the Grantee, their heirs and assigns herein, for one-third of the cost of the construction of the common driveway area, or if the owner of Lot # 5 or Parcel 2 commences the construction of their home prior to the Grantee herein, their heirs and assigns, then the owner of Lot # 4 shall be obligated to reimburse the owner of Lot # 5 or Parcel 2 for one-third of the cost of the construction of the common driveway.

[¶ 4] The Thurlow brothers purchased Lot 5 in April 2005. Their deed contains similar, but not identical, language to that in the Labonte deed. The Thurlow deed omitted any mention of Parcel 2, dividing responsibility for the cost of construction in two:

> By accepting this deed, the Grantees for themselves, their heirs and assigns, hereby agree to share equally the cost of installing and maintaining the common portion of the driveway, (the area between the southeasterly sideline of Smutty Lane and the point where the

first driveway to either Lot # 4 or Lot # 5 divides off) to be utilized by Lot # 4 and Lot # 5 to be constructed in [the easement present at the property line between Lot # 4 and Lot # 5]. It is further acknowledged and agreed by the Grantees that if the Grantees are the first party to construct a home on either Lot # 4 or Lot # 5, then the Grantees shall be responsible for constructing the common portion of the driveway as well as the Grantees' own private driveway over Lot # 5. At such time as the owner of Lot # 4 begins the construction of their home, that owner must either reimburse the Grantees, their heirs and assigns herein, for one-half of the cost of the construction of the common driveway area, or if the owner of Lot # 4 commences the construction of their home prior to the Grantees herein, their heirs and assigns, then the owner of Lot # 5 shall be obligated to reimburse the owner of Lot # 4 for one-half of the cost of the construction of the common driveway.

The language of the deeds is unambiguous and governs the rights and responsibilities of the parties.[1]

[¶ 5] The Labontes were the first to begin building. In the course of the building process, the driveway was constructed.[2] In their complaint, the Labontes allege they spent $22,500 on constructing this driveway, unpaved. In the fall of 2005 they spent $11,500 to have it paved.

[¶ 6] In April 2006 the Labontes filed a two count complaint against the Thurlows seeking reimbursement for the driveway construction. The first count sought one-third of the amount that the Labontes spent constructing the driveway ($7500) as provided by the deed conditions; the second count sought one-third of the amount they spent paving the driveway ($3833.33). Count two was premised on an oral contract between the parties and is not the subject of this appeal.

[¶ 7] Following a jury-waived trial in the Superior Court, judgment was entered in favor of the Thurlows on the first count and in favor of the Labontes on the second count in the amount of $3833.33 plus costs and interest. The Superior Court rendered its findings of fact and conclusions of law on the verbatim record. It found that because the driveway was in large part complete when the Thurlows purchased their property, the person who owned Lot 5 at the time of construction, presumably the original developer, had the obligation to reimburse the Labontes. The Labontes have filed a timely appeal.

## II. DISCUSSION

[¶ 8] The Labontes argue that even if the deeds were poorly drafted, there is no ambiguity as to the grantor's intent to shift the cost of constructing and maintaining a driveway to the grantees. They argue that the Superior Court erred in its analysis because it did not follow the ordinary meaning of the language of the Thurlow deed.[3]

---

1. According to his statement of material facts, at the closing on Lot 5, John Thurlow asked about the language regarding the common driveway and was told that he was paying $1000 toward the driveway and that he had no further responsibilities. These alleged oral representations do not override the express terms of the deeds.

2. The driveway runs from Smutty Lane, between the two lots, and back to the Parcel 2 property.

3. The Labontes further argue that the District Court (Biddeford, *Foster, J.*), which handled the case prior to transferring it to the Superior Court, erred in not granting their motion for summary judgment. Once a matter has proceeded to trial, as this one has, the denial

 [¶ 9] The construction of a deed is a question of law that is reviewed de novo. *River Dale Ass'n v. Bloss,* 2006 ME 86, ¶ 6, 901 A.2d 809, 811. When interpreting a deed, the language will be given its ordinary meaning, and this meaning will govern unless there is ambiguity present. *Id.* Language is ambiguous where it "is reasonably susceptible of different interpretations." *Competitive Energy Servs. LLC v. Pub. Utils. Comm'n,* 2003 ME 12, ¶ 15, 818 A.2d 1039, 1046 *(quoting Guilford Transp. Indus. v. Pub. Utils. Comm'n,* 2000 ME 31, ¶ 14, 746 A.2d 910, 914.)

[¶ 10] The clear, ordinary meaning of the relevant language in the parties' deeds provides that the first party to begin construction on his or her lot is responsible for building the common portion of the driveway. The second party to begin construction becomes responsible for reimbursement only after he or she begins construction on his or her lot. The conditions in the deeds do not address the fact that there may be an extended period of time after the first party constructs the driveway and before the second party ultimately begins construction on his or her lot (and the duty to reimburse first occurs).[4]

[¶ 11] The exact dates are not clear, but the parties have not disputed the following sequence of events. The Labontes began construction on their home on Lot 4 before the Thurlows began construction on their lot. The Labontes also built the common portion of the driveway. Shortly thereafter, the Thurlows began construction on Lot 5, though this may have commenced before the common portion of the driveway was fully complete. At a later date, in the fall of 2005, the Labontes paid to have the common portion of the driveway paved.

[¶ 12] Although there may be some ambiguity about the exact dates, there is no dispute that the Labontes built first, started construction on the common portion of the driveway, and that thereafter the Thurlows began construction on their property. Under the express terms of the Thurlow deed, the condition that triggers their obligation for reimbursement has occurred. The Thurlows are liable to the Labontes for reimbursement for the costs of the common portion of the driveway. While the trial court's ruling reflects a fair criticism of the inartful drafting of the deeds and a desire to fashion a fair result, it cannot stand in light of the deeds' terms and conditions.

 [¶ 13] The Thurlows are only responsible to reimburse the Labontes for "installing and maintaining the common portion of the driveway," which is defined by the Thurlow deed as "the area between the southeasterly sideline of Smutty Lane and the point where the first driveway to either Lot # 4 or Lot # 5 divides off." It appears, although it is not clear as the entire trial transcript was not provided on appeal, that the amount the Labontes sought in their complaint reflects the cost of construction of the entire driveway, which would not be recoverable under the

---

of summary judgment may not be appealed. *Madore v. Kennebec Heights Country Club,* 2007 ME 92, ¶ 5 n.1, 926 A.2d 1180, 1183. Therefore, this argument is not considered.

4. Certainly this could produce situations that appear unfair, such as where the second party purchases the property and never builds on it but uses the property and takes advantage of

the common portion of the driveway. However, we are limited to the language of the deed, and this language is clear: it is the commencement of construction upon the second party's lot, not the mere purchasing of the lot, that triggers a responsibility to reimburse for the construction of the common portion of the driveway.

terms of the deeds. For this reason we remand to the Superior Court for the entry of judgment in favor of the appellants on count one and an entry of damages as established by the evidence.

The entry is:

The judgment of the Superior Court is vacated as to count one; this matter is remanded to the Superior Court to determine the correct amount of reimbursement reflecting one-third of the cost to construct the "common portion of the driveway," as defined in the deed. The court may make the damage finding upon the existing record or hold further hearings as deemed necessary by the court.