2009 ME 68

**Jason LABONTE et al.**

v.

**Jeffrey THURLOW et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 4, 2009.

Decided: July 9, 2009.

Peter L. Hatem, Esq., Scarborough, ME, for Jeffrey Thurlow and John Thurlow.

James L. Audiffred, Esq., Saco, ME, for Amy Labonte and Jason Labonte.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, and GORMAN, JJ.

PER CURIAM.

[¶ 1]   John and Jeffrey Thurlow appeal from a judgment entered in the Superior Court (York County, *Fritzsche, J.*) contending that the court erred in determining the reimbursement owed by them for the cost to construct the common portion of the driveway they share with Jason and Amy Labonte.[1]  We affirm the judgment and impose sanctions against the Thurlows for filing a frivolous appeal.

[¶ 2]   This is the second time the parties have appealed this case.  *See Labonte v. Thurlow*, 2008 ME 60, 945 A.2d 1237. The Labontes and the Thurlows owned abutting properties in Saco.   In April

---

1.  Jason and Amy Labonte cross-appeal, contending that the court erred in defining the common portion of the driveway.  We find that their argument is without merit and do not address it further.

2006, the Labontes filed a two-count complaint against the Thurlows seeking reimbursement for the cost to construct and pave the common driveway shared by both parties. The court granted the Labontes' claim as to the paving costs (Count II), but denied their claim as to the driveway's construction costs (Count I). The Labontes appealed, and we vacated the judgment as to Count I and remanded the case for the court to "determine the correct amount of reimbursement reflecting one-third of the cost to construct the 'common portion of the driveway,' as defined in the deed." *Labonte*, 2008 ME 60, ¶ 13, 945 A.2d at 1241.

[¶ 3] The court held a hearing in September 2008. The court determined that the common portion of the driveway, as defined by the deed, extended only as far as the Thurlows' driveway, not to the Labontes' driveway as claimed by the Labontes. The court reasoned that the language in the deed referencing the "first driveway" referred to the driveway that was first in order, not first in time, and that because the Thurlows' driveway was first in order, the common portion of the driveway extended only to the Thurlows' driveway.

[¶ 4] In calculating the amount owed by the Thurlows for the cost to construct the common portion of the driveway, the court excluded paving costs, which had already been accounted for in Count II, and which had not been appealed. The court reasoned that because the Thurlows never appealed the paving costs, and because we remanded the case solely for a determination of the amount owed for construction costs, it had no reason to consider the costs of paving on remand.

[¶ 5] At the end of the hearing, the court granted judgment in favor of the Labontes in the amount of $5406.98 plus pre-judgment and post-judgment interest. The court did not issue findings of fact and conclusions of law, and neither party filed a motion for further findings pursuant to M.R. Civ. P. 52(a). The Thurlows subsequently filed this appeal, but failed to file an appendix as required by M.R.App. P. 8(a).

■ [¶ 6] The Thurlows contend that the cost to construct the common portion of the driveway includes the cost to pave the driveway, and that because they have already paid a portion of the driveway's paving costs, the amount of damages awarded by the court should have been $4326.67, not $5406.98. Contrary to this contention, the court did not err in its calculation. The court properly excluded paving costs when computing the amount of damages owed by the Thurlows for the driveway's construction costs. In the first appeal of this case, the Thurlows did not challenge the amount they owed for the driveway's paving costs, and we explicitly remanded the case for the court to determine the amount owed by them for the driveway's construction costs. *See Labonte*, 2008 ME 60, ¶¶ 6, 13, 945 A.2d at 1239, 1241. That determination did not include paving costs. The Thurlows do not cite any authority in support of their position, and in the absence of a request for findings of fact and conclusions of law, there is no basis for disturbing the court's judgment.

■ [¶ 7] We further conclude that the Thurlows' appeal is frivolous. Given the Thurlows' failure to provide any legal authority for their position, and the cursory discussion of the issue in their brief, the Thurlows could not have expected to prevail on such a meritless appeal. Furthermore, the Thurlows failed to file an appendix as required by M.R.App. P. 8(a). Rule 8(a) explicitly provides that "the party who files the first notice of appeal *shall* file an appendix to the briefs." M.R.App. P. 8(a) (emphasis added). We therefore award

the Labontes $500 towards their legal fees on appeal in addition to costs and expenses pursuant to M.R.App. P. 13(f).

The entry is:

Judgment affirmed with sanctions against John Thurlow and Jeffrey Thurlow in the amount of $500. Remanded to the Superior Court for an assessment of costs and expenses against John Thurlow and Jeffrey Thurlow.