1998 ME 193

**Greg BURKE**

v.

**PORT RESORT REALTY CORP., et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs June 29, 1998.

Decided July 29, 1998.

Jens–Peter W. Bergen, Kennebunk, for plaintiff.

Defendants did not file a brief.

Before WATHEN, C.J., and ROBERTS, RUDMAN, and DANA, JJ.

RUDMAN, Justice.

[¶ 1] Greg Burke appeals from the summary judgment entered in his favor by the Superior Court (York County, *Fritzsche, J.*). Burke contends that the court (i) erroneously interpreted a provision in his employment contract with Port Resort Realty Corp., operator of The Shawmut Inn, governing the payment of wages to Burke following his resignation, and (ii) erroneously determined that Port Resort did not violate 26 M.R.S.A. § 626 (Supp.1997), and thereby deprived him of the exemplary damages to which he is entitled pursuant to section 626. Because a material issue of fact exists precluding a summary judgment on the issue of whether Port Resort violated section 626, we vacate the judgment.

[¶ 2] In October of 1994, Burke was hired by Port Resort to serve as The Shawmut Inn's general manager and director of marketing and sales. The terms and conditions of Burke's employment were contained in an employment agreement, subsequently modified by a written addendum signed by Burke and the president of Port Resort, Ralph Bruno, that added a number of performance incentives and increased Burke's base salary. The agreement as amended provided for Burke to receive a 1% commission based on revenue received from all groups visiting The Shawmut Inn and a 3% commission based on revenue received from those groups for which Burke was the sales person responsible for the account. The amended agreement addressed the payment of Burke's commissions upon the cessation of his employment with Port Resort, stating:

> It should be noted that should Greg [Burke] be laid off or terminated for any reason, with or without cause, all group commissions for business "on the books" going forward is to be estimated and paid upon departure. Otherwise, all group commissions are to be paid in full the pay period following payment in full by the group.

[¶ 3] Thirteen months to the day after his hiring, Burke submitted his resignation, effective that day. At the time of his resignation, Burke demanded an immediate lump sum payment reflecting commissions for groups booked for dates subsequent to the date of his resignation, and the cash value of the three weeks vacation to which he claimed he was entitled. Port Resort refused Burke's demand and instead allegedly offered to pay Burke as the income from the booked events was realized. Port Resort also allegedly offered Burke 1/12 of the cash

value of his vacation time because Burke had only worked one month into his second year at the Inn. Aside from two checks paid in December of 1995 totaling $79.46, Burke was not paid commissions due from events at The Shawmut Inn from 1995 through 1996.

[¶ 4] Burke commenced this suit and subsequently moved for a summary judgment against Port Resort. The Superior Court entered a summary judgment awarding Burke his earned commissions and 1/12 of the cash value of his vacation time.[1] The court specifically declined to find that Port Resort violated section 626, reasoning that "[a]ny attempt to pay the commissions through a series of smaller checks would have been pointless as [Burke] wanted all his estimated commissions in advance."

## I.

[¶ 5] The employment agreement, not section 626, governs how wages are earned and, if specified, when wages are to be paid. *See Purdy v. Community Telecomm. Corp.*, 663 A.2d 25, 28–29 (Me.1995) (wages due to employee determined by reference to employee agreement); *cf. Rowell v. Jones & Vining, Inc.*, 524 A.2d 1208, 1210–11 (Me.1987) ("the conditions for earning vacation and the amount of vacation earned are governed by the terms of employment, not by [section 626]"). In this case, Burke was not owed wages subsequent to his resignation until his commissions were earned pursuant to his employment agreement with Port Resort. Burke's employment agreement unambiguously specifies how Burke's future commissions would be paid if Burke was "laid off or terminated for any reason with or without cause," and how Burke's commissions would be paid if his employment "otherwise" ended. Burke was not laid off or terminated and thus the trial court correctly determined that, pursuant to the employment agreement, Burke's commissions were due "in full the pay period following payment in full by the group."

## II.

[¶ 6] Burke contends that, regardless of whether his employment contract required the immediate or incremental payment of his commissions, Port Resort violated section 626 because Port Resort failed to pay him in a timely manner[2] under either interpretation. Burke thus argues that he is entitled to recover exemplary damages[3] pursuant to section 626. In reviewing the motion court's determination that Port Resort did not violate section 626, we examine the evidence supporting the motion court's conclusion that Burke refused incremental payment of wages as they became wages earned.

[¶ 7] A party is entitled to a summary judgment if no genuine issue of material fact exists and if the party on the undisputed facts is entitled to a judgment as a matter of law. *See Seashore Performing Arts Ctr., Inc. v. Town of Old Orchard Beach*, 676 A.2d 482, 484 (Me.1996). We review the grant of a summary judgment for an error of law, viewing the evidence in the light most favor-

---

1. After a hearing the parties stipulated to $8,911.24 in damages, which represented $8,680.76 in owed commissions and $230.48 for owed vacation time. This stipulation was incorporated into the judgment entered in favor of Burke. The parties expressly preserved their right to appeal the summary judgment, despite the stipulation as to damages.

2. Section 626 provides:

   An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid....: Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned.

26 M.R.S.A. § 626 (Supp.1997). The statute defines "a reasonable time" as "the earlier of either the next day on which employees would regularly be paid or a day not more than 2 weeks after the day on which the demand is made." *Id.*

3. If an employer fails to pay due wages within a reasonable time, the employer:

   is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

26 M.R.S.A. § 626 (Supp.1997). Additionally, an employer who violates section 626 "is subject to a forfeiture of not less than $100 nor more than $500 for each violation." *Id.* § 626-A.

able to the party against whom the judgment has been granted. *See Key Trust Co. of Maine v. Nasson College*, 1997 ME 145, ¶ 9, 697 A.2d 408, 409. In ruling on a motion for a summary judgment, " 'the court is to consider only the portions of the record referred to, and the material facts set forth, in the Rule 7(d) statements.' " *Handy Boat Serv., Inc. v. Professional Servs., Inc.*, 1998 ME 134, ¶ 16, 711 A.2d 1306 (Me.1998) (quoting *Gerrity Co. v. Lake Arrowhead Corp.*, 609 A.2d 293, 295 (Me.1992)).

∎ [¶ 8] Our review of the parties' respective statements of material fact reveals that a genuine issue of material fact exists as to whether Burke refused to accept Port Resort's incremental tender of wages pursuant to his employment agreement with Port Resort. Burke, in his statement of material facts, states that, as of March 11, 1997, Port Resort had not "paid or unconditionally tendered to Burke the amount of commissions admittedly owed to him." In contrast, Port Resort, in its statement of material facts, states that Burke, "through his attorney, refused to accept commissions to be paid in full the pay period following payment in full by the group." Port Resort also relates that Burke was offered, and refused, 1/12 of the cash value of his vacation time. Because the record reveals a material fact in dispute regarding whether Burke refused to accept a tender of wages by Port Resort, the motion court erred in entering a summary judgment. *See Roy v. Buckley*, 1997 ME 155, ¶ 9, 698 A.2d 497, 501 ("At the summary judgment stage of the proceeding, the court's task is not to decide any disputed factual questions, but to determine whether the record before the court generates a genuine issue of material fact.").

The entry is:

Judgment vacated. Remanded for proceedings consistent with this opinion.