2009 ME 109

Phillip RICHARDSON

v.

**WINTHROP SCHOOL DEPARTMENT.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Sept. 30, 2009.

Decided: Nov. 12, 2009.

Jeffrey Neil Young, Esq., Benjamin K. Grant, Esq., McTeague, Higbee, Case, Cohen, Whitney & Toker, P.A., Topsham, ME, for Phillip Richardson.

Peter C. Felmly, Esq., Drummond Woodsum & MacMahon, Portland, ME, for Winthrop School Department.

Panel: SAUFLEY, C.J., and LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

MEAD, J.

[¶ 1] Phillip Richardson appeals from a judgment of the Superior Court (Kennebec County, *Mills, J.*) in favor of the Winthrop School Department (Department) dismissing Richardson's complaint alleging the Department's failure to pay unused vacation time upon his retirement. Because the plain language of Richardson's employment contract limited his vacation pay upon retirement to thirty days, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Richardson worked as the principal of Winthrop High School from 1988 until his retirement on June 30, 2005. On September 30, 2004, Richardson signed an employment contract for the 2004–2005 school year (Contract) with the Department. It included the following provisions:

1.1 In consideration of the promises herein contained, the Board hereby employs the Administrator, and the Administrator hereby accepts employment, as Principal of Winthrop High School for a term commencing July 1, 2004 and ending June 30, 2005 for a work year of 250 days, including 20 vacation days, exclusive of holidays.

. . . .

8.2 Upon retirement from the Winthrop school system, the Administrator will be paid up to thirty (30) days of accumulated vacation time.

[¶ 3] Upon his retirement, the Department paid Richardson for thirty days of vacation time pursuant to provision 8.2 of the Contract. In his complaint, Richardson alleged that, at the time of his retirement, he had accumulated approximately 178 vacation days. On April 9, 2007, and September 17, 2007, he requested payment for the additional 148 days. The Department denied his requests on December 18, 2007, stating that it does not recognize accrued vacation days and, alternately, that the Contract limits payment for vacation time upon retirement to thirty days.

[¶ 4] On November 13, 2008, Richardson filed a complaint against the Department in the Superior Court for unpaid vacation time pursuant to 26 M.R.S. § 626 (2008). On February 18, 2009, the court granted the Department's motion to dismiss for failure to state a claim upon which relief may be granted pursuant to M.R. Civ. P. 12(b)(6). The court found that Richardson had been paid in accordance with the Contract, which the court found was unambiguous and did not allow Richardson to accumulate unlimited vacation days to be paid upon retirement. This appeal followed.

## II. DISCUSSION

### A. Standard of Review

[¶ 5] When reviewing a judgment granting a motion to dismiss for failure to state a claim upon which relief may be granted, "we view the complaint in the light most favorable to the plaintiff." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310, 314–15. The complaint's material allegations are treated "as admitted to determine whether it alleges the elements of a cause of action against the defendant or alleges facts that could entitle the plaintiff to relief under some legal theory." *Id.* ¶ 15, 970 A.2d at 314–15 (quotation marks omitted). A complaint is properly dismissed when it is "beyond doubt that the plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Id.* ¶ 15, 970 A.2d at 315 (quotation marks omitted).

### B. Entitlement to Unpaid Wages and Vacation Time

[¶ 6] The purpose of Maine's wage payment statute, 26 M.R.S. § 626, is to provide former employees with a cause of action to seek payment of unpaid wages and vacation time. *Madore v. Kennebec Heights Country Club*, 2007 ME 92, ¶ 11, 926 A.2d 1180, 1184. The relevant portion of the statute provides that:

> An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid.... Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned.

26 M.R.S. § 626. Interpretation of section 626 is governed by its plain language, which is unambiguous. *Bisbing v. Me. Med. Ctr.*, 2003 ME 49, ¶ 5, 820 A.2d 582, 584.

[¶ 7] Although section 626 creates a statutory right for former employees to *seek* payment, *entitlement* to payment is governed solely by the terms of the employment agreement. *Rowell v. Jones & Vining, Inc.*, 524 A.2d 1208, 1210–11 (Me. 1987). Therefore, pursuant to section 626, a former employee may only claim what is owed according to the terms of the employment agreement; section 626 does not modify or supercede its terms.

[¶ 8] We first reached this result in *Rowell*, when we found that former employees were not owed vacation time pursuant to section 626, because they had not satisfied their employment agreement's conditions for earning it. *Id.* We have subsequently reaffirmed that the employment agreement determines the wages or vacation time a former employee is owed. *Burke v. Port Resort Realty Corp.*, 1998 ME 193, ¶ 5, 714 A.2d 837, 839 (entitlement to commissions upon severance of employment relationship pursuant to section 626 determined according to employment agreement); *Purdy v. Cmty. Telecomm. Corp.*, 663 A.2d 25, 28–29 (Me.1995) (under terms of employment agreement,

former employee had taken unpaid leave, not vacation, and was therefore not entitled to commissions accrued during that time pursuant to section 626).

### C. Richardson's Employment Agreement

[¶ 9] The issue of whether a contract is ambiguous is a question of law that we review de novo. *Whalen v. Down East Cmty. Hosp.*, 2009 ME 99, ¶ 15, 980 A.2d 1252, 1256. Contract language is only "ambiguous if it is reasonably susceptible [to] different interpretations." *Am. Prot. Ins. Co. v. Acadia Ins. Co.*, 2003 ME 6, ¶ 11, 814 A.2d 989, 993 (quotation marks omitted). When a contract is unambiguous, its construction is also a question of law. *Id.* We will interpret a contract according to the plain meaning of its language, *id.*, and will avoid any interpretation that renders a provision meaningless. *Ackerman v. Yates*, 2004 ME 56, ¶ 10, 847 A.2d 418, 422.

[¶ 10] In this case, Richardson argues that the Contract permits unlimited accrual of vacation time by the use of the word "accumulated" in provision 8.2. Therefore, he argues, he should be paid for all 178 days of vacation time that he accumulated because, pursuant to section 626, vacation time is to be treated like "wages earned," which must be "paid in full." 26 M.R.S. § 626. Richardson contends that *Rowell* does not apply to him since, unlike the *Rowell* plaintiffs, he satisfied the Contract's terms for earning vacation time.

[¶ 11] On the issue of vacation pay at retirement, the Contract is unambiguous. Despite Richardson's contentions, the plain language of provision 8.2 clearly limits his entitlement to vacation pay upon retirement to thirty days. Richardson's argument to the contrary would read provision 8.2 out of the Contract. The court, therefore, did not err in finding that Richardson was not entitled to any further payments.

The entry is:

Judgment affirmed.