STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-11-558
7DW - JN-7/16/2012

NALDO GAGNON,

Plaintiff

v.                                                    ORDER

CITY OF PRESQUE ISLE,

Defendant

STATE OF MAINE
Cumberland, ss. Clerk's Office

JUL  1 0 2012

RECEIVED

Before the court is defendant City of Presque Isle's motion for summary judgment.

In this case plaintiff Naldo Gagnon is suing for unused vacation pay that he contends he was owed upon his retirement from the Presque Isle Police Department. Gagnon received payment for 320 hours of unused vacation time, but he contends that he had accrued a total of 392 hours in unused vacation time, and he is seeking to collect the difference plus liquidated damages under 26 M.R.S. § 626.

The City's response is that it has had a longstanding policy that 320 hours is the maximum amount of unused vacation time for which employees can be paid when they retire or otherwise leave City employment.[1]

Summary Judgment

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a

---

[1] Gagnon has not taken issue with the City's argument that civil penalties under 26 M.R.S. § 626-A are not enforceable by private parties, and count II of the complaint is therefore dismissed without further discussion.

motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. E.g., Johnson v. McNeil, 2002 ME 99 ¶ 8, 800 A.2d 702, 704. The facts must be considered in the light most favorable to the non-moving party. Id. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Rodrigue v. Rodrigue, 1997 ME 99 ¶ 8, 694 A.2d 924, 926.

Undisputed Facts

It is undisputed that Gagnon retired on November 15, 2010 and that he thereafter received payment for 320 hours of unused vacation time. It is also undisputed that Gagnon had retired once before in 2004 and was then rehired. At that time he had also received payment for 320 hours in unused vacation time. Gagnon Affidavit ¶ 10.[2]

The court finds that it is undisputed on this record that the City has a longstanding policy capping the amount of unused vacation time paid on an employee's departure at 320 hours. Gagnon contends that the City's proof of that policy is not based on personal knowledge,[3] but the City has proven the existence of such a policy through the sworn affidavit of its Director of Human Resources, a City employee for many years, who states that the facts in her affidavit are based on personal

---

[2] The City argues that the purpose of the prior retirement and rehiring was to allow Gagnon to cash out his unused vacation time, but the court agrees that Winslow's affidavit does not provide an adequate foundation for her statement to that effect, which may be speculation on her part. This issue, however, does not affect the outcome of the instant motion.

[3] See Plaintiff's Opposing Statement of Material Facts dated April 17, 2012 ¶ 2.

2

knowledge. Winslow Affidavit ¶ 4.[4] The 320 hour cap is also consistent with the amount paid to Gagnon when he retired in 2004 and with the February 3, 2011 City memorandum that Gagnon has attached as Exhibit 1 to his statement of material facts.[5]

In Richardson v. Winthrop School District, 2009 ME 109, 983 A.2d 400, the Law Court upheld a cap on payment for unused vacation time in an action brought under 26 M.R.S. § 626. See 2009 ME 109 ¶ 7, noting that section 626 creates a remedy but that entitlement to payment is governed by the terms of the employment agreement. Gagnon points out that Richardson, unlike the instant case, involved an express employment agreement. However, at least one prior Law Court case demonstrates that for purposes of 26 M.R.S. § 626 the terms of employment may be governed by an employment policy and procedure manual, as opposed to a formal employment contract. See Rowell v. Jones & Vining Inc., 524 A.2d 1208, 1211 (Me. 1987).

The remaining question is whether the employer's policy has to be in writing. First, the City points out that there is written evidence of the policy in the employment record attached to the Winslow affidavit ("vacation maximum: 8 weeks"). Moreover, while an unwritten policy may be harder to prove and may be subject to more dispute, the court sees no authority for the proposition that an unwritten policy, if proven, would not be sufficient to set the terms of employment. Certainly if there were an unwritten policy to pay for up to 320 hours of unused vacation time, and an employer

---

[4] Gagnon also contends that the City's payout practices have been inconsistent, but the only evidence he offers to support that contention relates to an issue with respect to sick time, not unused vacation pay. See Gagnon's Statement of Additional Material Facts ¶ 2; Gagnon Affidavit ¶¶ 10-11. All of the evidence in the record with respect to unused vacation time is consistent with the application of a 320 hour cap on the amount paid upon an employee's departure. See Winslow Affidavit ¶¶ 4, 8, 9 and employment record attached thereto; Gagnon Affidavit ¶¶ 10-11; February 3, 2011 memorandum attached as Exhibit 1 to Gagnon's Statement of Material Facts.

[5] Gagnon has not offered evidence to authenticate the February 3, 2011 memorandum but the City does not dispute its authenticity.

3

sought to disclaim or alter that policy once an employee had departed, the court would enforce the unwritten policy in favor of the employee. Where no genuine dispute for trial exists as to the existence of the policy, the court sees no reason not to enforce it in this case.

Untimely Notice Issue

The primary factual contention raised by Gagnon is not that his unused vacation pay was not subject to a 320 hour cap but that he was not provided with timely notice that he had more than 320 unused vacation hours. If he had received timely notice, Gagnon states, he would have used additional vacation time and avoided having any excess vacation time for which he would not have been paid. See Plaintiff's statement of additional material facts ¶¶ 4, 5; Gagnon Aff. ¶¶ 6-8.

The City points out that Gagnon acknowledges that he received an accurate accounting of his accrued vacation time eleven days prior to his resignation date, Gagnon Aff. ¶ 7, and that Gagnon had time at that point to take 72 hours of vacation. For purposes of summary judgment, however, given the short notice involved, the court cannot find that this would have been feasible.

The February 3, 2011 memorandum submitted by Gagnon states that there have been changes in the way the City has calculated the accrual of vacation time. That memorandum supports Gagnon's affidavit that he did not know how much unused vacation time he had remaining until shortly before he retired. Nevertheless the court concludes that this issue does not preclude summary judgment.

First, any claim that Gagnon did not receive adequate notice as to his unused vacation balance does not state a claim under section 626. Rather it would be in the nature of a misrepresentation, due process, or equitable estoppel claim. No such claims

4

are raised in Gagnon's complaint, not have any such claims been articulated in his summary judgment papers.

Second, to the extent that Gagnon's arguments could be construed as contending that the City should be equitably estopped from enforcing its vacation pay cap in this case, Gagnon has not generated a genuine issue for trial on the issue of whether the requisites of equitable estoppel exist in this case. The doctrine of equitable estoppel should be sparingly used against governmental agencies. Mathieu v. Commissioner of Human Services, 562 A.2d 686, 689 (Me. 1989). Equitable estoppel "only applies when an individual makes misrepresentations, including misleading statements, conduct, or silence, that induce detrimental reliance." Windham Land Trust v. Jeffords, 2009 ME 29 ¶ 38, 967 A.2d 690, quoting Town of Freeport v. Ring, 1999 ME 48 ¶ 14, 727 A.2d 901. Gagnon's affidavit states that he did not receive an accurate total of his unused vacation time until 11 days before he retired, but he has not offered affirmative evidence of any misrepresentations, misleading statements, or misleading conduct on the part of the City with respect to his unused vacation time.[6] Changes in the calculation process may have led to uncertainty or a misunderstanding, but that does not create a genuine issue for trial as to whether equitable estoppel would be applicable in this case.

The entry shall be:

Defendant's motion for summary judgment is granted. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

[6] In order to prevent the City from enforcing its vacation pay cap, moreover, there would have to be evidence that the City had misled Gagnon about that policy, not just about the balance of his unused vacation time. If the City had affirmatively misled Gagnon with respect to the amount of his unused vacation time, the remedy would not be to subject the City to liquidated damages and attorneys fees under § 626.

5

Dated: July __16__, 2012

_____
Thomas D. Warren
Justice, Superior Court