ENTERED NOV 0 5 2014

STATE OF MAINE

YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO.  CV-14-01

4/23/2014

YOR-PAF-04-23-14

RONALD SOUCIE,

        Plaintiff

v.

ORDER AND DECISION

ACTON SCHOOL COMMITTEE,

        Defendant

Ronald Soucie was employed by the Acton School Committee as a custodian until his job was terminated in August of 2013.   His employment was governed by a collective bargaining agreement for the period July 1, 2013 to June 30, 2016 between the Committee and his union, the Acton Education Support Staff Association MEA/NEA. Mr. Soucie filed a timely grievance through his union to attempt to be reinstated. Counsel have informed me that the multi-step grievance procedure is ongoing.   Both parties agree that the grievance procedure in Article II of the Collective Bargaining Agreement is the appropriate and sole manner to seek reinstatement.

Mr. Soucie claims in this suit that he was not paid the full amount of his accumulated vacation pay.   His vacation benefits are set out in Article VII, Section L of the collective bargaining agreement.   He did not file a grievance concerning his vacation pay claim within the prescribed twenty-day period.  Instead he filed a complaint with this court pursuant to 26 M.R.S. §626 and §626-A seeking the claimed unpaid wages, double damages and attorney's fees.

The defendant has filed a motion to dismiss claiming that the collective bargaining agreement provides the only procedure that may be used to resolve a claim for unpaid wages including vacation pay. That argument is rejected for two reasons based on the collective bargaining agreement itself, and separately on broader statutory and historical principles.

Absent a collective bargaining agreement, an individual employment contract, the violation of employment discrimination provisions or other specific statutes such as 26 M.R.S. §626 and §626-A an employee has little recourse. Generally employees in Maine are employees at will who can be fired for any or no reason. The collective bargaining agreement establishes the employment relationship and provides broad protection for both the worker and the employer.

It is correct that Article II, §B(1) defines "Grievance" as "A grievance shall be defined as any controversy, complaint, misunderstanding, or dispute arising between the parties as to the meaning or application of the specific terms of this Agreement." That definition is certainly broad enough to include a dispute concerning vacation pay. There is, however, no explicit provision in the agreement that a worker must file a grievance or lose whatever separate rights he may have based on something other than the collective bargaining agreement. By failing to file a timely grievance regarding his vacation pay, Mr. Soucie lost whatever possibility he had of resolving his dispute less formally and more quickly through the grievance procedure. He did not lose whatever rights he might otherwise have.

The modest and shrinking rights that workers now have were achieved slowly and with great difficulty. Earlier generations of workers were killed, beaten, jailed or fired for their union activities. Pope Leo XIII in 1891 issued his encyclical on capital and labor entitled *Rerum Novarum* supporting the right of workers to form unions and

associations. Also see more recently *Capital in the Twenty-First Century* by Thomas Piketty and his insightful and disturbing analyses of growing income and asset inequality.

The National Labor Relations Act of 1935 recognized the rights of private sector workers to unionize. Public sector employees were given that right starting in Wisconsin in 1959, expanding in limited form to federal employees in 1962 and to Maine public employees in 1969. The Municipal Public Employees Labor Relations Law, 26 M.R.S. §§962- *et seq.* does not indicate that the existence of a collective bargaining agreement abrogates whatever separate statutory rights workers may have.

The current provisions of Sections 626 and 626-A of Title 26 come from 1975 legislation. There is nothing in these statutes or the shorter version of Section 626 enacted in 1961 that suggests that these remedies disappear when there is a collective bargaining agreement. Also see former 26 M.R.S. §626-B enacted in 1975 and repealed in 1999. That section read as follows:

> No employer shall be deemed to have violated Section 626 when pursuant to a written and signed agreement made as a result of collective bargaining by representatives of employees, unpaid wages are paid within a different time period or a setoff or counterclaim is set up and where the contract or agreement specifies the length of the time period or the precise nature of the setoff or counterclaim, respectively.

Fundamentally, a collective bargaining agreement is designed to supplement not eliminate rights that workers otherwise have.

There is no indication that the union agreed to a limitation of existing rights or that the Maine legislature ever intended to strip union members of their rights under 26 M.R.S. §626 or §626-A.

In *Richardson v. Winthrop School Department*, 2009 ME 109, ¶7, 983 A.2d 400, 2, the Law Court stated, in a case involving a claim by a non-union principal for unused

3

vacation time upon retirement, "Although Section 626 creates a statutory right for former employees to *seek* payment, *entitlement* to payment is governed solely by the terms of the employment agreement."   (Emphasis by Law Court.)

The motion to dismiss will be denied.   Whether Mr. Soucie is correct or not will be determined later when the merits of his claim are evaluated.   However, he has the right to present his claim directly to the Superior Court.

Rights given to all employees under 26 M.R.S. §626 and §626-A to prompt payment of their wages are not lost by joining a union.   While rights that exist only because of a collective bargaining agreement must be enforced through the grievance procedures set out in the agreement, rights and remedies that have an independent statutory source may be enforced through those statutory provisions.

The entry is:

Motion to dismiss is denied.


Dated:   April 23, 2014


Paul A. Fritzsche
Justice, Superior Court