STATE OF MAINE                           SUPERIOR COURT
YORK, ss.                                CIVIL ACTION
                                         DOCKET NO. CV-17-269

ANN SALERNO,                          )
                                      )
             Plaintiff,               )
                                      )
     v.                               )
                                      )              **ORDER**
SPECTRUM MEDICAL GROUP, P.A.,         )
d/b/a OA CENTERS FOR                  )
ORTHOPAEDICS,                         )
                                      )
             Defendant.               )

Plaintiff Ann Salerno brings the present complaint seeking to recover damages for injuries she sustained on the business premises Defendant Spectrum Medical Group ("Spectrum"). Spectrum now moves to dismiss Mrs. Salerno's complaint under Maine Rule of Civil Procedure 12(b)(6).

## I.    Background

Mrs. Salerno's complaint arises out of injuries she sustained as a result of slip and fall that occurred on Spectrum's business premises in Saco, Maine on August 6, 2014. (Pl.'s Compl. ¶ 1.) Plaintiff was at Defendant's facility to engage in aqua therapy following a hip replacement surgery she had performed on June 10, 2014. (Pl.'s Compl. ¶¶ 2, 4.) Part of Plaintiff's recovery required that she limit her physical activities and movements, which in turn required Plaintiff to sit on a bench to change out of her swimwear after aqua therapy. (Pl.'s Compl. ¶¶ 5-7.)

Following her class on August 6, Plaintiff discovered that the only bench in the women's locker room that would suit her needs was covered by a rubber mat that should have been placed on the floor in front of the handicapped accessible shower stall. (Pl.'s Compl. ¶¶ 8-9.) When Plaintiff attempted to enter the handicapped accessible shower stall to utilize its seat, she slipped

1

and fell on the denuded floor, sustaining myriad injuries. (Pl.'s Compl. ¶¶ 9-10, 15-18.) Plaintiff alleges Defendant owed her a duty to maintain its premises in a reasonably safe condition, could have anticipated her need for a bench or seat, and was or should have been aware of the misplacement of the shower mat on the bench. (Pl.'s Compl. ¶¶ 11-14.)

## II. Discussion

### A. 12(b)(6) Standard

When reviewing a motion to dismiss under Maine Rule of Civil Procedure 12(b)(6), the complaint is viewed "in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Ramsey v. Baxter Title Co.*, 2012 ME 113, ¶ 6, 54 A.3d 710. While the allegations contained in the complaint are considered true and admitted, *Richardson v. Winthrop Sch. Dep't*, 2009 ME 109, ¶ 5, 983 A.2d 400 (citation omitted), the court "is not bound to accept the complaint's legal conclusions[,]" *Bowen v. Eastman*, 645 A.2d 5, 6 (Me. 1994) (citation omitted). Dismissal is warranted only when the court is satisfied that it is "beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim." *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (citation omitted).

### B. Action for Professional Negligence

Spectrum argues Mrs. Salerno's complaint must be dismissed because it asserts a claim for professional negligence that failed to comply with the requirements of the Maine Health Security Act ("MHSA").

The MHSA defines an "[a]ction for professional negligence" as "[a]ny action for injury . . . against any health care provider[] . . . arising out of the provision or failure to provide healthcare services." 24 M.R.S. § 2502(6). Defendant contends Plaintiff's premises liability

2

action based on a slip and fall in a locker room caused by the misplacement of a rubber floor mat constitutes an "action for professional negligence" because it is related to Plaintiff's medical condition and treatment.

Spectrum asserts this case falls squarely a line of cases that evince a broad definition of "action for professional negligence." *See Saunders v. Tisher*, 2006 ME 94, ¶ 9, 902 A.2d 830 (civil rights action against psychiatrist for alleged improper use of involuntary commitment process); *Brand v. Seider*, 1997 ME 176, ¶ 4, 697 A.2d 846 (breach of confidentiality claim against healthcare practitioner); *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996) (strict liability and breach of warranty claims against oral surgeon with respect to dental implants).

Defendant further notes the *Brand* court's articulation of the legislature's intent that the MHSA "fully occupy the field of claims brought against health care providers." 674 A.2d at 911 (citing *Musk v. Nelson*, 647 A.2d 1198, 1201 (Me. 1994) (noting legislative intent "to control the cost of medical malpractice insurance" in holding that an "action for a failed sterilization is an action for professional negligence as defined in the [MHSA]."

Finally, Spectrum attempts to analogize the present case to *Thayer v. Jackson Brook Inst., Inc.*, 584 A.2d 653 (Me. 1991). There, the Law Court held that a visitor's premises liability action against a psychiatric hospital for an attack resulting from a nurse's negligent failure to supervise a patient fell within the ambit of the MHSA. *Id.* at 654. The court reasoned that "the essence of the duty allegedly breached by [defendant] derived from professional decisions of [defendant]'s staff[,]" noting the defendant's "*philosophy of psychiatric care*" involved patient interaction with visitors, and therefore the defendant's "alleged negligence thus cannot be divorced from the program of care this patient was receiving." *Id.* (emphasis added).

3

Indeed, if Spectrum decided to remove the mats from in front of its handicapped accessible shower stalls as a part of its "philosophy of aqua therapy" that involves patients' feet having contact with wet tile, this case would be on all fours with *Thayer*. From the face of the Complaint, Plaintiff's cause of action does not "aris[e] out of the provision or failure to provide healthcare services." 24 M.R.S. § 2502(6). Rather, it arises out of Defendant's failure to maintain its locker room in a reasonably safe condition. While Defendant happened to provide healthcare services to Plaintiff on its premises, that provision of services is merely incidental to the wrong alleged. As such, this action does not fall under the MHSA and was timely commenced under 14 M.R.S. § 752.

## III.  Conclusion & Order

Defendant has not sustained its burden of demonstrating how the facts alleged in the Plaintiff's complaint compel the conclusion that her complaint arises out of the provision or failure to provide healthcare services under 24 M.R.S. § 2502(6).

Accordingly, the entry shall be:

"Defendant Spectrum Medical Group's Motion to Dismiss the Plaintiff's Complaint is hereby DENIED"

## SO ORDERED.

Dated: November 2̱8̱, 2018

John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 11/28/18
Copies sent to the following parties/counsel on: 11/28/18
Attorney Regan  Attorney Bragen

4