STATE OF MAINE
CUMBERLAND, ss:

DISTRICT COURT
Location: Portland
Docket No: PORDC-CV-18-534

REC'D CUMB CLERKS OF(
APR 11 '19 AM9:48

ADAM COPE and MARY COULOMBE,   )
  )
      PLAINTIFFS    )
  )
vs.             )
  )
SUNSET MARINA CORPORATION and  )
DANIEL LILLEY II,     )
  )
      DEFENDANTS    )

ORDER ON DEFENDANTS'
MOTION TO DISMISS

Plaintiffs have filed a complaint against defendants asserting eight claims for relief for conduct and actions arising out of the repair and storage of a boat,[1] including breach of contract, negligence, trespass, conversion and violation of consumer protection statutes. Defendants have filed a motion seeking dismissal of three of the counts alleged, Count III (Trespass), Count IV (Conversion) and Count VI (Violation of Maine Unfair Trade Practices Act) on the ground that each of those counts fails to state a claim upon which relief can be granted.

The court has reviewed the respective filings, including defendants' original motion, plaintiffs' objection and defendants' reply memorandum. A telephonic status conference was previously held wherein counsel for the parties agreed that the motion could be decided on the written filings without any further testimony or submissions. However, defendant Sunset Marina Corporation requested an opportunity to present oral argument at a further scheduled hearing. After review of the submissions the court determines that the issues have been thoroughly addressed by counsel in their written

---

[1] By order of this court dated 1/15/2019 this civil action has been consolidated for hearing with a small claims action filed by Sunset Marina Corporation against Adam Cope (*Sunset Marina Corporation v. Adam Cope*, PORDC-SC-18-729). This ruling on the present motion does not impact that separate action.

filings and DENIES the request for separate oral argument and decides this matter upon consideration of the parties' submissions.

When deciding a motion to dismiss for failure to state a claim upon which relief can be granted, the court views the factual allegations as true or admitted, and construes them "in the light most favorable to the plaintiff." *Ramsey v. Baxter Title Co.,* 2012 ME 113, ¶ 6; *Richardson v. Winthrop School Department,* 2009 ME 109, ¶ 5. For the purpose of making its decision, the facts are not adjudicated by the trial court, and instead they are evaluated to determine if there is "…any cause of action that may be reasonably inferred from the complaint." *Marshall v. Town of Dexter,* 2015 ME 135, ¶ 2 (citation omitted). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, and dismissal is proper only when a defendant demonstrates beyond doubt that the plaintiff is not entitled to relief or recovery under the facts as stated in support of a claim as a matter of law. *Id.*

Defendants assert that dismissal of plaintiffs' claims for conversion and trespass is warranted because the facts alleged fail to show that plaintiffs had the requisite "right of possession" to the boat at the time of the alleged conversion or trespass. Defendants maintain that because a "right of possession" is one of the elements required in order to state a claim of conversion, and because a claim of trespass requires a showing that an entry was made "without privilege," the possessory lien which allegedly arose out of plaintiffs' non-payment of Sunset's bill for services gave them an unquestionable superior right to possession of the boat that compels dismissal of the conversion and trespass claims. *See,* defendants' motion at pages 3-4.

However, the determination of the parties' respective rights to possession of the boat cannot be resolved in defendants' favor based on a review of the complaint. Plaintiffs allege facts that include release of the boat by defendants to the plaintiffs prior to the actions and conduct that form the basis of their claims. The factual basis for defendants' claim that they had a (superior) *possessory* lien is in dispute, and will require adjudication of certain facts to resolve. Viewed in the light most favorable to plaintiffs their complaint states legally sufficient claims for both conversion and trespass. Therefore, defendants have failed to satisfy the legal basis for dismissal of Counts III and IV of plaintiff's complaint pursuant to M.R.Civ.P. Rule 12 (b)(6).

Defendants additionally seek dismissal of plaintiffs' claim for attorney's fees based on the claim (Count VI) made pursuant to the Maine Unfair Trade Practices Act ("UTPA") (5 M.R.S. § 205-A *et. seq.*). Defendants assert that federal maritime law preempts state law,

2

and specifically the claim for attorney's fees, and they rely heavily on the decision issued by the U. S. District Court (D. Maine, *J. Levy*) in *York Marine, Inc. v. M/V Intrepid*, 2016 U.S. Dist. LEXIS 131082 (D. Me. Sept. 26, 2016). Despite plaintiffs' attempt to distinguish the facts and holding of that case, the court finds the reasoning of U.S. District Court to be persuasive and directly applicable to the facts of this case. *Id.*; *See* also, *FSS, Inc. v. Heyward*, 2017 U.S. Dist. LEXIS 82656 (D. Me. May 31, 2017). However, the ruling on the application of this precedent to the facts of this case is limited to preclusion of the relief of an award of attorney's fees on a claim made by plaintiffs pursuant to the Maine UTPA directly relating to claims involving the repair or storage of the boat. The underlying UTPA claim is otherwise unaffected and, to the extent they can provide a factual and legal basis for the award of attorney's fees under any other claim, the partial grant of defendants' motion will not prohibit plaintiff's from seeking an award of attorney's fees in this action.[2]

Accordingly, it is **HEREBY ORDERED** that defendants' motion to dismiss Counts III and IV of plaintiffs' complaint is **DENIED**; defendants' motion to dismiss the portion of plaintiffs' complaint that seeks an award of attorney's fees pursuant to Count VI is **GRANTED in limited part**, and plaintiffs shall be precluded from an award of attorney's fees made pursuant to Count VI for any claim of a violation of the Maine Unfair Trade and Practices Act directly relating to a dispute over the repair or storage of the subject boat. This ruling does not otherwise endorse of preclude the possible award of attorney's fees based on such facts and claims as may be presented for which there is later shown to be justification and a legal basis for an award of attorney's fees.

The provisions set forth in the court's procedural order of January 15, 2019 remain in full force and effect. Specifically, the small claims action shall remain consolidated with the present civil action and shall be treated as a counterclaim in this action with the same application of the Rules of Civil Procedure and Rules of Evidence as in the civil action. The terms and the provisions of the scheduling order dated 11/21/2018 remain in effect

---

[2] The 'claim' of attorney's fees is made in the relief section of the complaint (¶ 63) only and is not tied to a specific count or factual basis. Count VI (the Maine UTPA claim) incorporates all of the previous factual allegations in the complaint, including, but not limited to those pertaining to the dispute over the repair and storage of the boat. Therefore it is not clear what other facts not directly related to the repair or storage of the boat (including claims of harassment, threats in collection, or unlawful seizure of the boat after release) or other claims may provide the basis for any claim of attorney's fees. The court will resolve the dispute at this time in favor of the plaintiffs for the purpose of deciding this motion to dismiss. Defendants can raise objection to the basis for any claim for attorney's fees made by plaintiffs in the further course of this litigation without limitation.

3

and the Clerk shall schedule this matter for a telephonic trial management conference of counsel following the date for completion of the established discovery period.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: 4/10/19

Hon. Peter Darvin
Maine District Court Judge