STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss                                          CIVIL ACTION
                                                        DOCKET NO. CV-20-216


HEATHER PELLETIER,

         Plaintiff

         v.                                    ORDER

GOLDEN ROOSTER INC.,

FILED CLERKS OFFICE
MAY 17 '21 AM8:55

         Defendant


         Before the Court is Plaintiff's Motion for Summary Judgment. For the following reasons,

Plaintiff's Motion is granted in part and denied in part.

## I. Factual Background

         Defendant, Golden Rooster, Inc., is a Maine corporation that operates a restaurant by the

same name in Saco, Maine. Plaintiff, Heather Pelletier, was hired as a server at Defendant's

restaurant on or about October 1, 2019. Defendant informed Plaintiff that Plaintiff would receive

$20 in direct wages for each six-hour shift that Plaintiff worked, which equals $3.33 per hour.

Plaintiff was also allowed to keep any tips she received. The parties dispute whether the plaintiff

was actually paid $20 per shift, but there is no evidence in the record indicating that the Plaintiff

ever received direct wages that totaled more than $20 per shift.

         Plaintiff's employment ended on November 25, 2019. The Plaintiff alleges that she did

not receive proper compensation during her employment. Plaintiff, through counsel, made a

formal demand of Defendant for payment of the wages she alleges are owed. The demand also

requested a copy of Plaintiff's employment personnel file. The demand was sent via certified letter

1

and was delivered on January 22, 2020. Defendant did not respond to the letter. The Defendant's record summary of hours Plaintiff worked was not provided to the Plaintiff until December 9, 2020, as part of Defendant's response to discovery requests.

The parties dispute a number of issues. The first dispute concerns the applicable minimum wage. Under Maine law, an employer may reduce the minimum hourly wage it must pay to an employee if the employee also receives tips from customers. However, the employer must notify the employee that it intends to utilize this tip credit system prior to employment. The parties dispute whether the Defendant informed the Plaintiff of its intent to utilize the tip credit. Additionally, the Plaintiff was never officially added to the Defendant's payroll system but the Defendant's allege that this was due to Plaintiff's failure to complete the necessary employee paperwork. The Defendant further alleges that the Plaintiff never properly recorded the amount she received in tips, thereby preventing the court from determining the Plaintiff's actual hourly wage.

## II. Legal Standard

A party is entitled to summary judgment when review of the parties' statements of material facts and the record to which the statements refer, demonstrates that there is no genuine issue as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821; M.R. Civ. P. 56(c). A contested fact is "material" if it could potentially affect the outcome of the case. *Id.* A "genuine issue" of material fact exists if the claimed fact would require a factfinder to "choose between competing versions of the truth." *Id.* (quotations omitted). Once a properly supported motion is filed, the party opposing summary judgment must show that a factual dispute exists sufficient to establish a prima facie case for each element of the defense raised in order to avoid summary judgment. *Watt v.*

*Unifirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897. A party who moves for summary judgment is entitled to judgment only if the party opposed to the motion, in response, fails to establish a prima facie case for each element of the defense raised. *Lougee Conservancy v. Citi Mortgage, Inc.*, 2012 ME 103, ¶ 12, 48 A.3d 774.

### III. Discussion

The Plaintiff alleges three separate causes of action: (1) breach of Maine Wage Payment Law; (2) Breach of Maine Minimum Wage Law; and (3) Breach of Employer's Obligation to Provide Employment File. The Plaintiff's Motion seeks judgment on liability only, and leaves the issue of damages to be resolved at trial.

### A. Wage Payment Law

"An employee leaving employment must be paid in full no later than the employee's next established payday." 26 M.R.S. § 626. "The purpose of Maine's wage payment statute . . . is to provide former employees with a cause of action to seek payment of unpaid wages and vacation time." *Richardson v. Winthrop Sch. Dep't.*, 2008 ME 109, ¶ 6, 983 A.2d 400. However, "*entitlement* to payment is governed solely by the terms of the employment agreement." *Richardson*, 2008 ME 109, ¶ 7, 983 A.2d 400 (emphasis in original).

Here, there is a disputed issue of material fact regarding whether the Plaintiff is entitled to payment under Maine's wage payment statute. Plaintiff's recovery under the statute is governed by the terms of her employment agreement: $20 per shift and all cash and credit card tips received. The parties dispute whether the Plaintiff was actually paid $20 per shift. (Def's. Resp. to PSMF ¶ 10.) Accordingly, there is a genuine issue of fact regarding whether the Defendant paid the Plaintiff her wages due under the terms of the contract. This dispute is material to determining whether the Defendant complied with Maine's wage payment law and summary judgment is

3

therefore inappropriate under the circumstances.

## B. Minimum Wage and Tip Credit

The mandatory minimum wage between January 1, 2019 and January 1, 2020 was $11.00 per hour. *See* 26 M.R.S. 664(1). However, an employer may consider tips as part of the wages of a service employee, "but such a tip credit may not exceed 50% of the minimum hourly wage[.]" 26 M.R.S. 664(2). An employer who elects to use the tip credit must give advanced notice to the prospective employee of the following: (1) the amount of direct wages to be paid toward the minimum wage; (2) that the amount of tips to be credited as wages may not exceed the value of the tips actually received by the employee; and (3) that the tip credit may not apply to any employee who has not been informed by their employer of the employer's intent to apply the tip credit to direct wages. 26 M.R.S. §§ 664(2)(A)-(F).

Here, $5.50 is the least amount Defendant could have paid Plaintiff in direct payments.[1] It is undisputed that Defendant agreed to pay Plaintiff $20 in wages for each six-hour shift that she worked. (PSMF ¶ 6; DRSMF ¶ 6.) $20 in direct payments for six hours of work equals only $3.33 per hour. Accordingly, the Plaintiff's direct wages fell below the minimum threshold of $5.50 required under Maine Law. The plaintiff has therefore demonstrated that there is no genuine issue of material fact with regard to whether she was properly compensated under Maine's minimum wage law and she is entitled to judgment on Count II as a matter of law.

## C. Employment File

An employer is required to provide an employee or former employee "with an opportunity to review and copy the employee's personnel file" upon request. 26 M.R.S. § 631. "Any employer who, following a request pursuant to this section, without good cause fails to provide an

---

[1] 50% of $11 is $5.50.

4

opportunity for review and copying of a personnel file, within 10 days of receipt of that request, is subject to a civil forfeiture of $25 for each day that a failure continues." *Id.* "The total forfeiture may not exceed $ 500." *Id.*

Plaintiff's counsel requested Plaintiff's employment file from Defendant in a letter which was delivered on January 22, 2020. Defendant did not respond to the letter. The records summarizing the hours plaintiff worked was not delivered to plaintiff until December 9, 2020. The Defendant has admitted that these facts are true. (DRSMF ¶¶ 14-18.) Moreover, the Defendant has not alleged that it had good cause to withhold the personnel file. Accordingly, the Plaintiff has shown that there is no genuine issue of material fact regarding wither Defendant complied with 26 M.R.S. § 631 and Plaintiff is therefore entitled to judgment on Count III as a matter of law.

The court also notes that an employer who violates 26 M.R.S. § 631 is subject to a civil forfeiture of $25 for each day the violation continues, not to exceed $500. It is undisputed that the violation alleged here could subject the Defendant to the full $500 forfeiture. However, because the full amount of damages has yet to be determined, the court declines to order a civil forfeiture on summary judgment. The issue of forfeiture will be addressed at trial.

**IV. Conclusion**

There is a genuine issue of material fact regarding whether the Plaintiff was paid the $20 she was owed for each shift she worked at the Defendant's restaurant. However, it is undisputed that $20 in direct wages as compensation for a six-hour shift falls below the $5.50 direct payment threshold required under Maine law, and that the Defendant failed to allow the Plaintiff to inspect her personnel file upon request. Accordingly, the Plaintiff has shown that there is no genuine issue of material fact regarding whether Defendant complied with Maine's Minimum Wage (Count II) and Employee Personnel File (Count III) laws. However, the court declines to award damages on

5

Count III on summary judgment at this time. The amount of damages owed under 26 M.R.S. § 631, including attorney's fees, will be determined at trial.

The entry is:

Plaintiff's Motion for Summary Judgment is DENIED with regard to Count I.

Plaintiff's Motion for Summary Judgment is GRANTED with regard to the Defendant's liability on Count II and Count III.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Date:  May 16th, 2021

Thomas McKeon
Justice, Superior Court

6