STATE OF MAINE                           SUPERIOR COURT
CUMBERLAND, ss                           CIVIL ACTION
                                         DOCKET NO. CV-21-335


MELINDA COLLINS,

           Plaintiff

v.                                       ORDER


CHRISTOPHER PERRY, et al.,

           Defendants                    REC'D CUMB CLERKS OF
                                         MAR 2 '22 AM8:18


Before the court is plaintiff's motion for service by publication. The motion indicates that

plaintiff has employed a private investigator and that the leads as to defendants' whereabouts have

been exhausted.

Because service by publication is so unlikely to provide actual notice, *Gaeth v. Deacon,*

2009 ME 109 ¶¶ 24-26, the court needs further details before it can grant the motion. The standard

for service by alternate means as set forth in the 2010 Advisory Committee Note to Rule 4. [1] In

---

[1] The 2010 advisory note provides, inter alia, as follows:

> Before a party can obtain an order allowing service by any alternate means, that party must
> first demonstrate that he or she has exhausted all reasonable attempts to make service in
> one of the other ways prescribed by Rule 4 (or by applicable statute) that are designed to
> provide actual notice of the action to the party to be served. Whether attempts at locating a
> party are reasonable will of necessity depend on the situation; likewise, whether a search
> is limited to one jurisdiction or many may depend on the nature of the parties and claims.
> Within the framework of any given set of facts, a party seeking an order approving service
> by publication or other alternate means may seek to show which of the following actions
> s/he has taken in attempting to serve the party: checked *publicly available* databases
> (including computer databases) such as tax records, voting rolls, criminal history records,
> credit records, telephone directories, divorce or death records, utility records, post office
> records, and motor vehicle registry records in the jurisdiction where the defendant is most
> likely to be found. In addition to demonstrating that he has made a reasonable search of
> available *public* data, a party seeking an order for publication or service by alternate means
> should also satisfy the court that he or she has made reasonable efforts to locate the current

this case the court needs to know whether all attempts to locate defendants through social media have been exhausted, whether mail has been sent to the addresses known to plaintiffs, whether the Postal Service has any forwarding orders with addresses, whether motor vehicle registry information has been checked,[2] whether criminal justice files have been checked (particularly in light of the allegation that defendant Perry was driving as a habitual offender), whether out of state records have been checked, and whether there are any persons known to plaintiff who might have relevant information (family members, neighbors etc.).

Even if, for example, family members are unwilling to provide information, alternate service could include a provision that service by mail be made on them based on the possibility that they are in touch with the person or persons to be served.

It is also unclear whether separate searches have been made as to defendant Perry and as to defendant Ryder.

It is possible that this has all been done and if so, the exact searches so far and the addresses found need to be specified. The court typically does not limit alternate service to service by publication but requires that other service reasonably calculated to provide actual notice be attempted as well. *See* M.R.Civ.P. 4(g)(1)(C).

The entry shall be:

Plaintiff's motion for alternate service is denied without prejudice to renewal once further details are provided and/or further searches conducted. The court will extend the deadline for service to May 1, 2022. The Clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

---

address of the party to be served by checking *private* sources: known relatives, former employers, former educational institutions, and former neighbors.

[2] In this connection, the complaint alleges that defendant Perry's license had been suspended as a habitual offender but does not explain the status of defendant Ryder. Motor vehicle registries should be checked as to both. If defendant Perry fled the scene, as alleged, how has he been identified as the driver?

Dated: March ___/___, 2022

Thomas D. Warren
Active Retired Justice, Superior Court

Plaintiff–Verne Paradie, Esq.
Defendant–not served, not appeared

3