2002 ME 4

**Shirley A. GALLANT**

v.

**BARTASH, INC.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 20, 2001.
Decided: Jan. 4, 2002.

---

Joseph R. Saunders, Esq., Thomas W. Merrill, Esq., Carey & Associates, Rumford, for plaintiff.

David W. Austin, Esq., Rumford, for defendant.

Panel: SAUFLEY, C.J., and
CLIFFORD, RUDMAN, DANA,
ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Shirley A. Gallant appeals from a summary judgment entered in the District Court (Rumford, *McElwee, J.*) in favor of Bartash, Inc. Gallant asserts that her former employer, Bartash, Inc ., did not pay her vacation time within "a reasonable time" as required by 26 M.R.S.A. § 626 (Supp.2001).[1] We disagree and affirm the judgment.

[¶ 2] Gallant last worked for Bartash, Inc. on March 7, 2001 and was paid for wages owed on March 21, 2001. She made a demand for vacation pay on March 27, 2001 which was paid to her on April 4, 2001. She asserts that the "reasonable time" commenced to run upon her termination from employment and thus that she was owed both her wages and vacation pay on the next pay day, March 21, 2001. She posits that her claim arises on her termination, not her demand.

[¶ 3] "When construing a statute, we seek to give effect to the legislative intent by examining the plain meaning of the statutory language." *Burke v. Port Resort Realty*, 1999 ME 138, ¶ 8, 737 A.2d 1055, 1059. The first sentence of the statute states that the employer must pay back wages "within reasonable amount of time" after the employee has made a demand: " 'An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid ....' " *Id.* at ¶ 9 (quoting 26 M.R.S.A. § 626). The statute further provides the definition of "reasonable time:" "For purposes of this subchapter, a reasonable time means the earlier of either the next day on which employees would regularly be paid or a day not more than 2 weeks after the day on which demand is made." 26 M.R.S.A. § 626. The plain language of the statute requires that a demand be made in order to trigger the penalty provisions of the statute.

---

1.  Section 626 of Title 26 provides, in part:

    **§ 626.  Cessation of employment**
    An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid, provided that any overcompensation may be withheld if authorized under section 635 and any loan or advance against future earnings or wages may be deducted if evidenced by a statement in writing signed by the employee. Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned.
    For purposes of this section, the term "employee" means any person who performs services for another in return for compensation, but does not include an independent contractor.
    For purposes of this subchapter, a reasonable time means the earlier of either the next day on which employees would regularly be paid or a day not more than 2 weeks after the day on which the demand is made.
    . . . .
    26   M.R.S.A. § 626 (Supp.2001).