2003 ME 49

**Spence BISBING**

v.

**MAINE MEDICAL CENTER.**

Supreme Judicial Court of Maine.

Argued: March 11, 2003.
Decided: April 10, 2003.

---

David M. Hirshon, Esq., Marshall J. Tinkle, Esq. (orally), Tompkins, Clough, Hirshon & Langer, P.A., Portland, for plaintiff.

Christopher C. Taintor, Esq. (orally), Robert W. Bower Jr., Esq., Norman, Hanson & DeTroy, LLC, Portland, for defendant.

Brian L. Champion, Esq., Verrill & Dana, LLP, Portland, Michael E. Malamut, Esq., New England Legal Foundation, Boston, for amicus curiae.

Panel: CLIFFORD, RUDMAN, ALEXANDER, CALKINS, and LEVY, JJ.

CALKINS, J.

[¶ 1] Maine Medical Center (MMC) appeals from a judgment entered after a jury trial in Superior Court (Cumberland County, *Crowley, J.*) awarding Spence Bisbing treble damages and attorney fees pursuant to 26 M.R.S.A. § 626 (Supp.2002) for unpaid vacation pay. MMC argues that section 626 contains an implied bad faith element. Bisbing cross-appeals, contesting the amount of attorney fees. We dismiss the cross-appeal as untimely and affirm the judgment.

I.

[¶ 2] Bisbing worked for MMC as an emergency room attending physician from 1996 to 2000. When he resigned, he requested that MMC pay him for accrued vacation pay. MMC refused, contending that Bisbing had used all his vacation time. Bisbing then brought this action, raising, inter alia, a claim for unpaid wages under section 626. The case was tried to a jury, which found that MMC owed Bisbing $27,500 in vacation pay. The jury was not asked whether MMC had acted in bad faith. The court trebled the damages pur-

suant to section 626 and entered judgment for Bisbing for $82,500 plus attorney fees.

[¶ 3] The court entered an appealable final judgment on August 15, 2002, when it denied MMC's motion to alter or amend the judgment and awarded Bisbing $37,104.40 in attorney fees. On August 29, Bisbing filed a "motion for clarification" seeking an explanation of the amount of the fees the court had awarded. On August 30, the court denied the motion for clarification without explanation. MMC filed its timely notice of appeal the same day. Bisbing filed his notice of appeal on October 7.

## II.

[¶ 4] On appeal, MMC does not contest the jury's finding that it owed Bisbing $27,500 in vacation pay, but it contends that the trial court erred in awarding Bisbing treble damages and attorney fees pursuant to 26 M.R.S.A. § 626 without a finding that MMC acted in bad faith or was otherwise culpable. Section 626 provides in relevant part:

> An employee leaving employment must be paid in full within a reasonable time after demand at the office of the employer where payrolls are kept and wages are paid .... Whenever the terms of employment include provisions for paid vacations, vacation pay on cessation of employment has the same status as wages earned.
>
> ....
>
> An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgment rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

[¶ 5] The construction of section 626 is governed by the plain language of the statute. *Gallant v. Bartash, Inc.*, 2002 ME 4, ¶ 3, 786 A.2d 628, 629. MMC advances numerous interpretive arguments, asserting the existence of an implied bad faith element because section 626 is allegedly a penal statute; because it should be read together with a related statute, 26 M.R.S.A. § 626–A (Supp.2002); because it should be read in light of statutes in other states that include such an element; and because such an interpretation is necessary to avoid constitutional problems. We need not address any of these arguments because section 626 is unambiguous. *See State v. Millett*, 392 A.2d 521, 525 (Me. 1978) ("[W]here the language of a statute [is] plain and unambiguous, there is no occasion for resorting to the rules of statutory interpretation."). There is no hint in the statute that treble damages and attorney fees can be awarded only on a showing that the employer has acted in bad faith. We are not free to impose such an element in disregard of the clear legislative intent expressed in the plain language of section 626.

[¶ 6] Contrary to MMC's argument, this result is entirely consistent with our caselaw. In *Purdy v. Community Telecommunications Corp.*, 663 A.2d 25, 28 (Me. 1995), we declined to "engraft a good faith exception on [section 626]" at the behest of an employer that was faced with complicated calculations of the commissions due a former employee. We reasoned that "the Legislature has not ... provided for an exemption for action taken by an employer in good faith." *Id.* Although recognizing that "the effect of this statute is harsh, perhaps more so than the Legislature intended," we could not "ignore the statute's plain language and its broadly protective purpose." *Id.* Similarly, we stated in *Burke v. Port Resort Realty Corp.*, 1999

ME 138, ¶ 16, 737 A.2d 1055, 1060, that "[u]nlike similar statutes in some other jurisdictions, section 626 does not have a 'bona fide dispute' exception." We have never recognized such an exception, and we have affirmed awards of section 626 treble damages and attorney fees without mentioning the employer's bad faith. *See, e.g., Bernier v. Merrill Air Eng'rs*, 2001 ME 17, ¶¶ 4–9, 770 A.2d 97, 100–01; *Marston v. Newavom*, 629 A.2d 587, 590–91 (Me.1993).

■ [¶ 7] In addition to its statutory interpretation arguments, MMC contends that as written, section 626 denies it due process. MMC does not cite, and we have not found, any case holding that a statute providing a private remedy of liquidated or multiple damages violates due process unless it includes a culpability element. The United States Supreme Court has said exactly the contrary, holding in *Overnight Motor Transportation Co. v. Missel*, 316 U.S. 572, 581–84, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942), that a Fair Labor Standards Act provision awarding employees double damages for unpaid overtime, without regard to the good faith or reasonableness of the employer, did not violate due process. We likewise reject MMC's assertion that section 626 impermissibly burdens its right to a jury trial. The statutory remedies of treble damages and attorney fees accrue upon an employer's failure to pay wages within a reasonable time of demand, regardless of whether it subsequently seeks a jury trial.

### III.

■ [¶ 8] Bisbing's cross-appeal complains only about the court's initial award of approximately $10,000 less than he requested in attorney fees and its subsequent refusal to explain that award. His notice of appeal was filed fifty-three days after the court awarded the attorney fees and thirty-eight days after the court denied his motion for clarification and MMC filed its notice of appeal. A cross-appeal must be filed within fourteen days of the first notice of appeal or twenty-one days of the judgment, whichever period expires later. M.R.App. P. 2(b)(3). Bisbing's cross-appeal was filed twenty-four days too late and must be dismissed. *See Bourke v. City of S. Portland*, 2002 ME 155, ¶¶ 3–4, 806 A.2d 1255, 1255–56.

■ [¶ 9] In addition to appealing the trial court's attorney fee award, Bisbing requests attorney fees on appeal. Although we have not specifically held that section 626 authorizes attorney fees on appeal, we have held that such an award was appropriate under other remedial statutes. *Beaulieu v. Dorsey*, 562 A.2d 678, 680 (Me.1989) (Unfair Trade Practices Act, 5 M.R.S.A. § 213 (2002)); *Colony Cadillac & Oldsmobile, Inc. v. Yerdon*, 558 A.2d 364, 369 (Me.1989) (Used Car Information Act, 10 M.R.S.A. § 1476(4) (1997)). To disallow attorney fees for defending an appeal would significantly dilute the award of attorney fees in the trial court. We conclude that Bisbing is entitled to attorney fees for defending the appeal, but not for prosecuting his untimely cross-appeal, and we remand the matter to the trial court to determine the amount of fees.

The entry is:

Judgment affirmed. Cross-appeal dismissed. Remanded for determination of attorney fees on appeal.