STATE OF MAINE
PORTLAND, ss.

BUSINESS & CONSUMER COURT
DOCKET NO. BCD-CV-2018-46

MELISSA A. COULOMBE            )
                              )
    Plaintiff/ Counterclaim Defendant    )
v.                            )    ORDER ON MOTIONS FOR
                              )    SUMMARY JUDGMENT
LEGAL-EASE, LLC, PA,          )
                              )
    Defendant/ Counterclaim Plaintiff    )

## INTRODUCTION

Plaintiff Melissa Coulombe ("Coulombe") filed a Complaint alleging that she is entitled to recover unpaid wages and double damages from her former employer Defendant Legal-Ease LLC, PA ("Legal-Ease"), along with damages for fraud and unjust enrichment, and an accounting. Legal-Ease answered the Complaint, and filed a Counterclaim alleging fraud, breach of fiduciary duty, conversion, and unjust enrichment.

As the case now comes before the Court, Coulombe has filed a Motion for Partial Summary Judgment seeking judgment against Defendant Legal-Ease on Count I of her complaint for unpaid wages in violation of 26 M.R.S. § 626. Coulombe also seeks judgment on Legal-Ease's Counterclaim for breach of fiduciary duty, and Legal-Ease's assertion of an affirmative defense to the wage claim based upon a "bona-fide dispute." Legal-Ease has filed a Motion for Summary Judgment on all counts of Coulombe's Complaint, and on its affirmative defense of set-off. For the reasons discussed below, the Court grants in part and denies in part each Motion.

1

**FACTS**

The undisputed material facts are as follows: Legal-Ease is a law firm operating in South Portland, Maine. Def. S.M.F. ¶ 2. Jeffrey Bennett ("Bennett") is the founder and member of Legal-Ease. Def. S.M.F. ¶ 2. Coulombe is an attorney licensed to practice in the State of Maine, and worked for Legal-Ease as an attorney from January 2016 through March 2017. Def. S.M.F. ¶¶ 1, 3. At no time was Coulombe a partner at Legal-Ease. Pl.'s S.M.F. ¶ 3. In cases where Legal-Ease and a client had an hourly or flat fee agreement, Legal-Ease compensated Coulombe for her legal work in an amount equal to fifty percent of the money actually paid to Legal-Ease by the client. Pl.'s S.M.F. ¶ 5. In cases where Legal-Ease and a client had a contingent fee agreement, Legal-Ease would receive fifty percent of the fee and each attorney who worked on the matter would receive a share of the remaining fifty percent of the contingent fee. Pl.'s S.M.F. ¶ 6.

While employed by Legal-Ease, Coulombe performed work on a contingent fee case (the S.A." case) for clients Susan Spencer and Jay Allen ("the Spencer-Allens"), in a lawsuit against their insurance company. Pl.'s S.M.F. ¶ 8. On January 13, 2017, Coulombe and the Spencer-Allens attended what were planned as depositions but turned into a settlement conference. Pl.'s SMF ¶ 10, Def. S.M.F. ¶ 14-15. At the conference, the Spencer-Allens agreed to settle their claims for $70,000. Pl.'s S.M.F. ¶ 10. As will be discussed later, there is a genuine dispute between Coulombe and Legal-Ease regarding the proper fee due to Legal-Ease from the settlement proceeds (and hence the proper amount to be paid to Coulombe). The settlement check arrived at Legal-Ease on or about January 26, 2017, and at that time Coulombe was still employed by Legal-Ease. Pl.'s S.M.F. ¶¶ 12-14.

2

While employed at Legal-Ease, Coulombe also worked on a case referred to as the "P case." Def. S.M.F. ¶ 11. Coulombe stopped working for Legal-Ease on March 17, 2017 and was not paid her final $535 paycheck. Def. S.M.F. ¶ 29.

## STANDARD OF REVIEW

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c); *Levine v. R.B.K. Caly Corp.,* 2001 ME 77, ¶ 4, 770 A.2d 653. A genuine issue of material fact exists when a fact-finder must choose between competing versions of the truth, even if one party's version appears more credible or persuasive. *Id.* A fact is material if it has the potential to affect the outcome of the suit. *Id*. To survive a defendant's motion for summary judgment, the plaintiff must establish a prima facie case for every element of the plaintiff's cause of action. *Oceanic Inn, Inc., v. Sloan's Cove, LLC, 2016 ME 34,* ¶ 26, 133 A.3d 1021. "When a plaintiff has the burden of proof on an issue, a court may properly grant summary judgment in favor of the defendant if it is clear that the defendant would be entitled to a judgment as a matter of law if the plaintiff presented nothing more than was before the court" when the motion was decided. *Reliance Nat'l Indem. v. Knowles Indus. Servs., Corp.,* 2005 ME 29, ¶ 9, 868 A.2d 220. Cross motions for summary judgment "neither alter the basic Rule 56 standard, nor warrant the grant of summary judgment per se." *F.R. Carroll, Inc. v. TD Bank, N.A.*, 2010 ME 115, ¶ 8, 8 A.3d 646 (quoting *Wightman v. Springfield Terminal Ry. Co.,* 100 F.3d 228, 230 (1st Cir. 1996)).

## DISCUSSION

Coulombe's Complaint sets forth four counts: Count I, Unpaid Wages pursuant to 26 M.R.S. § 626; Count II, Fraud; Count III, Unjust Enrichment; and Count V, Accounting.[1] Coulombe's Motion for Partial Summary Judgment requests the Court enter judgment in her favor on Count I of her Complaint, as well as on Legal-Ease's Counterclaim Count II for breach of fiduciary duty and on the "bona-fide" affirmative defense. Legal-Ease requests judgment in its favor on all counts of Coulombe's Complaint, and on its affirmative defense of set-off. Because the entirety of Coulombe's Complaint is addressed in the Motions, the Court will discuss each count of the Complaint in turn, as well as Counterclaim Count II and Legal-Ease's affirmative defenses.

**Count I: Unpaid Wages Pursuant to 26 M.R.S. § 626**

In Count I of her complaint, Coulombe asserts she is entitled to unpaid wages stemming from her work on the S.A. case, as well as for her final week of work, pursuant to Maine's wage and hour statute, 26 M.R.S. § 626.  The statute provides in relevant part:

> An employee leaving employment must be paid in full no later than the employee's next established payday. . . An employer found in violation of this section is liable for the amount of unpaid wages and, in addition, the judgement rendered in favor of the employee or employees must include a reasonable rate of interest, an additional amount equal to twice the amount of those wages as liquidated damages and costs of suit, including a reasonable attorney's fee.

26 M.R.S. § 626.  Coulombe contends that she was not timely paid for her work on the S.A. case, and that she is entitled to payment of her share of the contingent fee recovery resulting therefrom. Additionally, Coulombe submits that she is entitled to statutory penalties plus interest, costs, and attorney fees. Legal-Ease contests this outcome, and seeks judgment in its favor on a variety of grounds.

---

[1] The Complaint does not contain a Count IV.

4

Legal-Ease asserts Coulombe is not entitled to unpaid wages because she allegedly gave the Spencer-Allens incorrect information resulting in a reduced fee payed to Legal-Ease. Legal-Ease states that Coulombe agreed to pay the fee reduction "out of her portion" of the fee. Legal-Ease also argues that it has a right to set-off any payments owed to Coulombe on account of overcompensating her for her work on the P case.

With regard to payment for the S.A. case, the Court declines to grant either party's request for summary judgment. Under normal circumstances, Coulombe would be entitled to a share of the contingent fee proceeds stemming from settlement of the S.A. case. Coulombe worked on the case, was still employed by Legal-Ease at the time it received the insurance check, and thus would ordinarily have been entitled to receive payment.[2] However, in this case, the parties disagree about whether a separate agreement was made during the settlement of the S.A. case. Coulombe alleges that she discussed the settlement with Bennet over the phone, and they agreed on a $20,000 attorney fees figure. Pl.'s S.M.F. ¶ 11. Legal-Ease contends the attorney fees amount should have been $24,000, and that Coulombe agreed to deduct the difference from her share.[3] Def.'s S.M.F. ¶¶ 18-21. This dispute is material to the Court's analysis of the wage claim under Section 626, as a separate agreement between the parties would alter Coulombe's right to receive compensation.[4]

Coulombe also seeks payment for her final week of work at Legal-Ease. However, Legal-Ease asserts the affirmative defense of set off. Where an employee has been overcompensated due

---

[2] In its motion for summary judgment, Legal-Ease asserts that Coulombe is not entitled to any proceeds from the S.A. case because she was not employed when the case was settled, as settlement only occurs with a "full and final payment." However, Legal-Ease received a full and final settlement payment from the defendant in the S.A. case on January 26, 2017 while Coulombe was still employed. It is immaterial that Legal-Ease disputed the previously agreed upon attorney fee figure with its client after Coulombe left the firm.

[3] The Spencer-Allens filed a fee petition with the Board of Overseers of the Bar (the "Board"), and the Board ultimately enforced the $20,000 fee amount. Pl.'s S.M.F. ¶ 13. The Board's decision, however, does not settle the dispute as between Coulombe and Bennett.

[4] And, as discussed below, there is also the issue of set off.

to employer error, the employer may deduct the overcompensation from an employee's wages. 26 M.R.S. § 635. According to Legal-Ease, Coulombe has acknowledged that she was overcompensated for her work on the P case, and thus any payment made to her should be set off. Pl.'s S.A.M.F. ¶ 8. In her statement of facts opposing Legal-Ease's motion, Coulombe disputes both that she was overcompensated for her work on the P case, and that she acknowledged said overcompensation.[5] Because any decision awarding payment or allowing Legal-Ease to set off payments to Coulombe depends on her actually having been overcompensated, the existence of this dispute is material. For this reason, the Court declines to enter judgment on Coulombe's claim for her final paycheck, or on Legal-Ease's affirmative defense of set off.

Accordingly, the Court denies both Motions for Partial Summary Judgment on the Count I wage claim under 26 M.R.S § 626.

However, Coulombe also seeks summary judgment on Legal-Ease's affirmative defense based on the "bona fide" dispute language of 26 M.R.S. § 626-A. Section 626-A does not appear on its face to give rise to an affirmative defense, and Legal-Ease has provided no authority establishing Section 626-A as providing an affirmative defense. The Law Court has rejected any argument that 26 M.R.S. § 626 is subject to a good faith or bad faith element, which would seem to preclude the utility of asserting Section 626-A as an affirmative defense. *Bisbing v. Me. Med. Ctr.*, 2003 ME 49, ¶¶ 4-6, 820 A.2d 582. Accordingly, the Court grants Coulombe's Motion for Partial Summary Judgment on Legal-Ease's assertion of an affirmative defense based on 26 M.R.S. § 626-A.

**Count II: Fraud**

---

[5] Legal-Ease points to the email contained in Exhibit 3 to the Bennet Affidavit to demonstrate Coulombe's acknowledgment of her overcompensation. However, Coulombe disputes the context of the email, stating that it was sent in an attempt to resolve the parties' payment dispute rather than acknowledging the fact of her overcompensation. Bennet Aff. Ex. 3.

Count II of Coulombe's complaint alleges that Legal-Ease falsely represented that she would be fully and fairly compensated for her work. To establish a claim for fraud, a party must demonstrate that:

> 1) a party made a false representation, 2) the representation was of a material fact, 3) the representation was made with knowledge of its falsity or in reckless disregard of whether it was true or false, 4) the representation was made for the purpose of inducing another party to act in reliance upon it, and 5) the other party justifiably relied upon the representation as true and acted upon it to the party's damage.

*Barr v. Dyke,* 2012 ME 108, ¶ 16, 49 A.3d 1280. The facts must be proven by clear and convincing evidence. *Maine Eye Care Associates*, *P.A. v. Gorman*, 2006 ME 15, ¶ 16, 890 A.2d 707. For a false statement in a contract to be considered fraudulent, the Defendant must have possessed the intent not to perform at the time the parties entered the contract. *Cianchette v. Cianchette,* 2019 ME 87, ¶ 25, 209 A.3d 745 (Me. 2019). In this case, Coulombe points to the great lengths Legal-Ease has gone to avoid paying her for her work on the S.A. case and her final week of work. The problem for Coulombe is she has failed to adduce clear and convincing evidence that Legal-Ease supplied her with false information, which at the time it was supplied Legal-Ease knew to be false or provided in reckless disregard for whether it was true or false. Coulombe has thus failed to establish a genuine dispute of fact regarding fraud. Accordingly, the Court grants summary judgment to Legal-Ease on Count II of Coulombe's Complaint.

**Count III: Unjust Enrichment**

Count III of Coulombe's Complaint contends that Legal-Ease was unjustly enriched by its failure to pay Coulombe for her work on the S.A. case and for her last week of work. Unjust enrichment is available as a cause of action based on a legal or moral duty to pay, in the absence of a contractual relationship. *In re Wage Payment Litig. V. Wal-mart Stores, Inc.,* 2000 ME 162, ¶ 19, 759 A.2d 217. In the present case, it is undisputed that Coulombe was employed by Legal-

7

Ease. An employment relationship is a form of contractual relationship. *See Id.* at ¶ 20. It follows that a claim of unjust enrichment is unavailable in this case, and summary judgment on Count III of Coulombe's Complaint is entered in favor of Legal-Ease.

**Count V: Accounting**

Count V of Coulombe's Complaint is styled as a claim for accounting, but consists of nothing more than a series of discovery requests tied to the Count I wage claim. Discovery requests do not give rise to an independent cause of action for accounting, and to the extent accounting is sought as a remedy, the remedy has already been provided by the Court's scheduling orders establishing a period of time for discovery. *See Neurology Associates of Eastern Maine, P.A. v. Anthem Health Plans of Maine, Inc.,* 2004 WL 3196899 (Oct. 14, 2004) ("there is no basis in law or practicality for a separate action for accounting" when factual disputes can be resolved through the usual discovery process). For this reason, summary judgment in favor of Legal-Ease is entered on Count IV.

**Counterclaim Count II: Breach of Fiduciary Duty**

Legal-Ease asserts a counterclaim against Coulombe for breach of fiduciary duty. A relationship giving rise to a fiduciary duty requires: 1) the actual placing of trust and confidence in fact by one party in another, and 2) a great disparity of position and influence between the parties at issue. *Oceanic Inn, Inc. v. Sloan's Cove LLC,* 2016 ME 34, ¶ 18, 133 A.3d 1021. These elements are not typically established in simple business relationships. *See Bryan R. v. Watchtower Bible & Tract Soc'y, Inc.,* 1999 ME 144, ¶ 20, 738 A.3d 839. In this case, Coulombe was an employee of Legal-Ease. She was not an owner, manager, director, or officer of Legal-Ease. A mere employer-employee relationship is not enough to create a fiduciary relationship. *See Cianchette v. Cianchette,* CUMSC-CV-2016-249 (Me. Super. Ct., Cum. Cty., Jan. 12, 2018 ("[w]hatever

8

wrongdoing may be committed by employees, they are not subject to a fiduciary duty to their employers, at least absent evidence that a relationship of trust and confidence existed between employer and employee and that there was a great disparity of position and influence favoring the employee."). Coulombe's position as an attorney does not change this analysis. Legal-Ease has not established facts sufficient to generate a dispute regarding a fiduciary relationship and so the Court grants Coulombe summary judgment on the Counterclaim Count II fiduciary duty claim.

## CONCLUSION

For the foregoing reasons, summary judgment is entered in favor of Legal-Ease on Counts II, III, and V of Coulombe's Complaint,[6] and in Coulombe's favor on Legal-Ease's assertion of a "bona fide dispute" affirmative defense, and on Legal-Ease's Counterclaim Count II claim for breach of fiduciary duty. The Court denies both requests for summary judgment on Count I of the Complaint for unpaid wages.

The Clerk is instructed to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

So Ordered.

Dated: June 3, 2020 　　　　　　　/s　　　　　　　　　　
　　　　　　　　　　　　　　　　　　Michael A, Duddy, Judge
　　　　　　　　　　　　　　　　　　Business and Consumer Court

---

[6] In order to prevent confusion, the Court again notes that the Complaint does not contain a Count IV.

**Melissa A. Coulombe**

**v.**

**Legal-Ease LLC, P.A.**

| | |
|---|---|
| *Melissa A. Coulombe* | Thomas Douglas, Esq.<br>**Douglas, McDaniel,**<br>90 Bridge St, Suite 100<br>Westbrook, ME 04092 |
| *Legal-Ease LLC, P.A.* | Sally Morris, Esq.<br>**Sally Morris Attorney at Law**<br>Six City Center 3rd Floor<br>Portland, ME 04101 |